Hixon and others, Appellants, vs. Town of Eagle River and another, Respondents.

Hixon and others, Respondents, vs. Town of Eagle River and another, Appellants.

*November 30 — December 17, 1895.*

*Taxation: Equity: Illegal and unjust increase of valuation by board of review: Reassessment: County board: Aid to agricultural society: Town exercising powers of village.*

1. An assessment in a town was substantially just and equitable, although the property was valued at less than its real value. The board of review, without evidence, increased the valuation of plaintiffs' property more than thirty-eight per cent. and the valuation of all other property less than seven per cent. *Held*, that this rendered the tax on plaintiffs' property not only illegal but also inequitable and unjust, and entitled them to relief.

2. It was not necessary in such a case to order a reassessment under sec. 1210*b*, S. & B. Ann. Stats., since the amount which plaintiffs justly ought to pay could be ascertained from the assessors' original roll.

3. A county board has no power to levy a tax to aid an agricultural society, except, as provided in subd. 9, sec. 669, R. S., for the purpose of purchasing land to be used for holding fairs, etc.

4. A tax levied for a purpose which is not within the taxing power under any circumstances is necessarily inequitable as well as illegal.

5. Where, under a resolution adopted pursuant to sec. 819a, S. & B. Ann. Stats., conferring village powers on a town, waterworks had been constructed for a village in the town, a tax levied in a subsequent year for the waterworks, either to pay operating expenses or to pay a part of the debt incurred in building them, was not rendered unjust or inequitable by the mere irregularity of a failure to readopt said resolution, even conceding that it should have been readopted before the tax was levied.

APPEALS from a judgment of the circuit court for Oneida county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed in part; reversed in part.*

The facts are stated in the opinion.

For the plaintiffs there were briefs by *Curtis & Reid*, and oral argument by *Geo. Curtis, Jr.*, and *A. H. Reid.*

For the defendants there were briefs by *N. A. Colman* and *Brown & Pradt*, and oral argument by *Neal Brown* and *Mr. Colman.*

WINSLOW, J.    This is an action in equity to set aside the taxes for the year 1891 upon a large quantity of timber land owned by plaintiffs in the defendant town, on the ground principally of illegal action by the board of review. The taxes upon the plaintiffs' land amounted in the aggregate to $7,781.44, and the court found that this sum was illegally levied, and that the amount justly and equitably chargeable against the plaintiffs was the sum of $6,211.34, upon payment of which sum into court the taxes were set aside. Both parties have appealed from the judgment.

The defendants' appeal presents two questions: First, whether the evidence showed that the tax levied was in fact illegal and inequitable; second, whether, if so, the proceedings should not have been stayed, and a reassessment ordered, under the provisions of sec. 1210b, S. & B. Ann. Stats.

1. The court found that the assessors for the year 1891 did not assess the real estate or personal property of the town at its real value, but at much less than its true value,

but still that the assessments were in fact relatively equal, and that the plaintiffs' lands were not valued by the assessors materially higher or lower than other property in the town as a whole, and that the assessment was substantially just and equitable. The court further found that no evidence whatever was taken before the board of review, but that said board, without evidence, changed the valuations of real and personal property on a large proportion of the parcels, and made substantially a new assessment; that by reason of these changes $36,700 was added to the valuation of plaintiffs' lands, being an increase of 38.52 per cent.; while the amount added to the valuation of all other property of the town was $48,875, being an increase of only 6.84 per cent. It thus appears that the assessors made an equitable assessment roll. Though the values were less than real values, the plaintiffs were not harmed by this fact, nor would they have been compelled to pay more than their just proportion of taxes. This equitable roll was taken by the board of review, and, without evidence, the valuation of plaintiffs' lands was increased thirty-eight per cent., while the valuation of all other property was increased less than seven per cent. These two facts conclusively show, not only illegal action by the board in making changes without evidence (*Shove v. Manitowoc*, 57 Wis. 5), but also that such change was grossly unjust and inequitable to the plaintiffs. By reason of these two facts it is certain that the plaintiffs' taxes were increased illegally and inequitably from $6,211.34 to $7,781.44, or more than $1,500. There is here both an illegal tax and an inequitable and unjust tax, and within the rules restated in *Hixon v. Oneida Co.* 82 Wis. 515, the plaintiffs are entitled to some relief.

2. The next question is whether a reassessment should have been ordered, under the provisions of sec. 1210*b*, S. & B. Ann. Stats. The plain object and purpose of this section is to provide a means of determining the amount prop-

Hixon and others vs. Town of Eagle River and another.

erly and equitably due from the taxpayer, when his tax is shown by the evidence to be illegal and unjust. In this case it appears affirmatively that the assessors' roll was equitable and just, and so the amount which the plaintiffs justly ought to pay was a mere matter of computation. The making of a new assessment under these circumstances would seem superfluous. We think, when it affirmatively appears that the assessors' roll is just and equitable, and the board of review have made illegal changes therein, without evidence, resulting in injustice to a taxpayer, such changes should be treated in an action brought by the taxpayer as simply nullities, which are to be disregarded, and recourse should be had at once to the original roll to ascertain the part of the tax which the taxpayer justly should pay, as was done in the present case. It cannot be fairly said in such case that the groundwork of the whole tax is affected, or that all the property in the taxing district is affected, because no other taxpayer has been compelled to pay one cent of additional taxes, but, on the other hand, his tax has been reduced. Of course, if the assessors' roll itself were attacked and shown to be illegal and inequitable, recourse to a reassessment would then be imperatively necessary, under the statute.

The plaintiffs' appeal also presents two questions: First, whether the tax of $2,500 levied by the county for the county agricultural society was a legal tax; second, whether the tax of $4,500 for waterworks in the town of *Eagle River* was a legal tax. The court sustained both of these levies.

1. The only authority which the county board had for levying a tax in aid of the county agricultural society is conferred by subd. 9, sec. 669, R. S., which gives the county board power " to purchase land not exceeding in value the sum of $8,000 for the purpose of holding thereon fairs and exhibitions of an agricultural character, and to grant the use thereof from time to time to agricultural and other so-

cieties of similar nature." This provision carries with it, necessarily, the power to levy a tax for the purpose of purchasing such land, but it certainly does not carry the power to levy a tax to aid an agricultural society in any other way. The court found affirmatively that this tax was not levied for the purpose of purchasing land to be used for holding fairs or agricultural exhibitions; that the county had previously purchased and paid for and then owned twenty acres of land, to be used for this purpose. This tax was therefore manifestly unauthorized. Being levied for a purpose not within the taxing power, it was also necessarily inequitable. The plaintiffs' proportion of this tax should have been set aside.

2. As to the waterworks tax, it appears that at the annual town meeting held in the defendant town in the year 1889 the voters adopted a resolution, under the provisions of ch. 292, Laws of 1883 (S. & B. Ann. Stats. sec. 819a), conferring on the town the powers of a village; the unincorporated village of Eagle River being within the limits of the town, and containing more than 1,000 inhabitants. Under this resolution the town board constructed a system of waterworks for the village during the ensuing year, and incurred indebtedness therefor. No such resolution was adopted at the annual town meetings held in 1890 or 1891, although the town board continued to exercise the powers of a village board. It is claimed by the plaintiffs that the resolution aforesaid was of no effect after the expiration of the town year, and, not being renewed at the next town meeting, this tax is unauthorized and void. The tax seems to have been raised either for paying the operating expenses of the waterworks, or for paying a part of the indebtedness incurred for building them. In either event, the tax cannot be regarded as inequitable. It is a tax which the voters of the town had power to levy. Conceding that they should first have readopted the resolution conferring village pow-

ers on the town, the failure to do so was simply an irregularity which cannot be said to affect the justice of the tax. It is not the case of a tax beyond the power of the town to levy under any circumstances, such as the tax levied by the county in aid of the agricultural society. We think the court rightly sustained the tax for waterworks.

*By the Court.*— Upon the defendants' appeal the judgment is affirmed, with costs; and upon plaintiffs' appeal so much of the judgment as determines the validity of the agricultural society tax is reversed, and the remainder of the judgment is affirmed, without costs, except that the defendants shall pay the costs of the clerk of this court.