THE RIDER-WALLIS COMPANY and others, Respondents, vs. Fogo and another, Appellants.

*March 14 — April 4, 1899.*

*Insolvency: Receivers: Constitutional law: Trial by jury: Judicial power: Judge at chambers: Evidence.*

1. Sec. 1694b, Stats. 1898, authorizing the appointment of a receiver for the nonexempt property of an insolvent debtor without a determination by a jury of the existence of the requisite facts, is not in violation of sec. 5, art. I, Const., providing that "the right of trial by jury shall remain inviolate," etc., since that language relates only to the right as it existed when the constitution was adopted.

2. Even if sec. 1694b, Stats. 1898, is invalid, under sec. 2, art. VII, Const., so far as it attempts to empower a circuit judge at chambers to appoint a receiver of the property of an insolvent debtor, yet it is valid so far as it vests such power in the court.

3. Under sec. 1694b, Stats. 1898 (providing that upon petition by creditors of an insolvent debtor for the appointment of a receiver, the court shall proceed summarily "to hear the parties and receive such evidence as may be proper, and if it shall appear to the court" that the debtor is insolvent, etc., the court shall appoint a receiver), it is error to appoint a receiver without evidence, even though the debtor does not answer or appear in the proceeding.

APPEAL from an order of the circuit court for Richland county: GEO. CLEMENTSON, Circuit Judge. *Reversed.*

For the appellants the cause was submitted on the brief of *F. W. Burnham* and *Fruit & Gordon.*

For the respondents there was a brief by *H. M. Lewis* and *M. S. Dudgeon,* and oral argument by *Mr. Dudgeon.*

CASSODAY, C. J.    This is an appeal from an order of the circuit court dated May 31, 1898, appointing George Wulfing as receiver of all the nonexempt property of *J. W. H. Fogo,* pursuant to ch. 334, Laws of 1897 (sec. 1694b, Stats. 1898), made at the hearing of an order to show cause granted by a county judge April 12, 1898, based upon the petition of

three several creditors of *Fogo*, and to whom he owed debts to the amount, in the aggregate, of $821.94, signed by such creditors, and verified by their attorney, April 8, 1898, alleging, in effect, that they were such creditors; that *Fogo's* only nonexempt property consisted of stocks of goods and merchandise, and his store furniture, fixtures, etc., and credits and accounts; that March 26, 1898, *Fogo*, being insolvent and indebted to divers persons, among others the *State Bank of Richland Center*, to which he was indebted $3,057.06, and with intent to give preference to that bank, with his wife executed and delivered to that bank a chattel mortgage upon a portion of such nonexempt property, and duly filed the mortgage on that day; that at other times within thirty days prior to filing such petition *Fogo* committed certain other acts of insolvency, by confessing judgment and making conveyances to certain other creditors to secure preferences. The petition prayed for a time and place of hearing, upon notice, and that *Fogo* might be adjudged to have been insolvent at the time of making the mortgage, and for the appointment of a receiver, and that *Fogo* be directed to make and file an inventory of his property and list of his creditors, and for an injunction.

The order to show cause having been served on *Fogo* and the *State Bank of Richland Center* April 12, 1898, the *State Bank of Richland Center* made answer to such petition by its cashier filing an affidavit stating, among other things, in effect, that the chattel mortgage was given to secure a *bona fide* indebtedness evidenced by three notes then actually due, and for the sole purpose of securing the payment thereof; that after the execution and delivery of the mortgage *Fogo*, by agreement with the bank, sold goods from his Boscobel store to the amount of $850, and applied the proceeds thereof as so much paid on such notes and mortgage; that afterwards, and before the order to show cause, *Fogo* sold to the bank all the property covered by the mortgage in Richland

Center at the agreed price of sixty per cent. of its invoice price, and applied the proceeds thereof in payment and satisfaction of a part of the balance due on such notes and mortgage; that the total proceeds of all the property included in the mortgage had been actually applied on such indebtedness of the bank; that none of such transactions were with intent to evade the statutes; and that the bank had no knowledge, at any of the times mentioned, as to whether *Fogo.* was insolvent or had committed any other acts of insolvency. *Fogo* did not answer or appear in the proceedings.

. To such answer of the bank the petitioning creditors demurred *ore tenus.* By the order appealed from the court sustained such demurrer and adjudged that *Fogo* was an insolvent debtor, within the meaning of the statute, at the time of executing the chattel mortgage, and appointed such receiver, with directions to take and recover all property wrongfully disposed of by *Fogo.*

1. If the facts stated in the petition were all established as required, then there would be no difficulty in holding that the case came within the letter of the statute requiring the appointment of a receiver. Laws of 1897, ch. 334 (Stats. 1898, sec. 1694b).[1] We are met, however, at the threshhold

---

[1] Sec. 1694b, Stats. 1898, provides that when any insolvent debtor does or fails to do certain acts, by reason of which one or more of his creditors obtain a preference, "any two or more of his creditors holding and owning debts or claims of not less than two hundred dollars in the aggregate may make a petition to the circuit court or a judge thereof in the county or circuit where such debtor resides, if a resident of this state, and if not, in any county thereof, setting forth therein such matters and facts as may be pertinent, and after notice given in such manner as the court or judge may direct to the debtor and creditors sought to be preferred or to their attorney of record, of the time and place of hearing, the court in term time or a judge in vacation shall proceed summarily upon such petition to hear the parties and receive such evidence as may be proper, and if it shall appear to the court or judge that the debtor is insolvent and has given a preference to any of his creditors over other

The Rider-Wallis Co. and others vs. Fogo and another.

of the discussion, with the objection that the statute is in violation of that provision of our state constitution which declares that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy." Const. art. I, sec. 5. This court has uniformly held that this language imports that such right must remain as it existed when the constitution was adopted. *Klein v. Valerius*, 87 Wis. 60, and cases there cited. The right is not granted by the constitution, but only secured. *Id.* This court has gone so far as to hold that the legislature cannot take anything from the original or primary jurisdiction of equity and give it to the law, nor the reverse. *Deery v. McClintock*, 31 Wis. 195. See, also, *Oatman v. Bond*, 15 Wis. 20; *Truman v. McCollum*, 20 Wis. 360; *Callanan v. Judd*, 23 Wis. 343; *Klein v. Valerius, supra.* In considering the question of jury trials in lien cases, Mr. Justice Lyon, speaking for the court, said: "It is competent for the legislature, when it gives a new remedy, to prescribe the procedure by which the remedy may be enforced. It may prescribe a purely equitable or a purely legal procedure, or it may blend the two, as it has done, conditionally, in the statute under consideration." *Bentley v. Davidson*, 74 Wis. 424. In England, by statutes relating to bankrupts, a summary jurisdiction was given to the chancellor. 3 Bl. Comm. 428. Certainly there was no right at common law to a jury trial in order to adjudge a man a bankrupt or an insolvent. It has long since been held in Massachusetts, under similar statutes, that "the provision of the insolvent laws which authorizes the issuing of a warrant to take possession of all the estate of a debtor, on the petition of a creditor, without a trial by jury on the facts alleged in the petition, is constitutional." *O'Neil v. Glover*, 5 Gray, 144.

of his creditors or any of them, or has refused or neglected to make an assignment of his property as hereinbefore provided, the court or judge shall appoint a receiver," etc.

A similar statute to ours has been held to be constitutional in Minnesota. *Weston v. Loyhed*, 30 Minn. 221; *Wendell v. Lebon*, 30 Minn. 234. A Michigan case is cited to the contrary. *Risser v. Hoyt*, 53 Mich. 185. But only two judges concurred in that view of the case. Chief Justice COOLEY, who was at the time a member of the court, was manifestly of a different opinion; and in a note to his sixth edition of Cooley, Const. Lim., he seems to refer to it as an exceptional case. Pages 504, 505. See, also, *Rouse v. Donovan*, 104 Mich. 241.

The supreme court of the United States has repeatedly held that "a trial by jury in suits at common law pending in the state courts is not a privilege or immunity of national citizenship which the states are forbidden by the fourteenth amendment of the constitution of the United States to abridge." *Walker v. Sauvinet*, 92 U. S. 90. In that case Chief Justice WAITE, speaking for the whole court, said: "Due process of law is process due according to the law of the land. This process in the states is regulated by the law of the state." *Bittenhaus v. Johnston*, 92 Wis. 597, and cases there cited. As stated by a recent text writer: "The guaranty of due process of law does not require that all trials should be before a jury. Its effect is not to give the right of trial by jury in cases in which it did not exist when the constitution was adopted, but only to perpetuate such right in all cases in which it was a part of the usual course of administration of justice through the courts at such time." 10 Am. & Eng. Ency. of Law (2d ed.), 305. In the language of a very learned judge, speaking for the supreme court of the United States: "Conflicting claims of creditors, amounting to thousands of dollars, are often settled by the courts on affidavits or depositions alone. And the courts of chancery, bankruptcy, probate, and admiralty administer immense fields of jurisdiction without trial by jury. In all cases that kind of procedure is due process of law which is

suitable and proper to the nature of the case, and sanctioned by the established customs and usages of the courts." *Ex parte Wall*, 107 U. S. 289.

2. Counsel contends that the act is in violation of sec. 2, art. VII, of our state constitution, in that it vests judicial power in a circuit judge at chambers. This court has held that a statute which empowered a circuit judge at chambers to render a valid judgment upon a frivolous demurrer was a valid enactment. *Clapp v. Preston*, 15 Wis. 543. See some of the cases cited. But we do not feel called upon to determine whether that part of the statute vesting such judicial power in a circuit judge at chambers is or is not valid, since the order in this case is made by the court. Even if the act should be held void so far as it undertakes to vest such power in a circuit judge at chambers, still it would be valid so far as vesting such power in the court. So far as the case before us is concerned, the act is held to be valid.

3. The statute provides, in effect, that "the court shall proceed summarily upon such petition to hear the parties and receive such *evidence* as may be proper, and if it shall appear to the court" that the debtor is insolvent, and has given a preference, and has refused or neglected to make an assignment, the court shall appoint a receiver, etc. Stats. 1898, sec. 1694*b*. Here no evidence was taken. *Fogo* simply made default. We think the statute clearly contemplates the taking of evidence, and that it was error to appoint such receiver without evidence. Under a similar statute it has been expressly held in Massachusetts that "the facts stated in a creditor's petition under the insolvent laws must be proved by legal and competent evidence, and it seems that taking the testimony of a material witness without oath or affirmation is ground for setting aside the proceedings." *Merriam v. Sewall*, 8 Gray, 316; *Ex parte Jordan*, 9 Met. 292, 296; *Stearns v. Kellogg*, 1 Cush. 449. See also *Shove v. Mani-*

*towoc*, 57 Wis. 5; *State ex rel. Smith v. Gaylord*, 73 Wis. 315; *Hixon v. Eagle River*, 91 Wis. 651.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.

