THE CONTINENTAL INSURANCE COMPANY OF THE CITY OF NEW YORK v. FRANK MAXWELL et al.

No. 576.    (60 Pac. 539.)

INSURANCE— *Terms of Policy — Strangers to Contract.* Where a contract of insurance contained no provision extending its terms to any one but the insured, but did contain a provision that the company should not be liable beyond the interest of the insured in the property, a stranger to the contract cannot collect thereon simply because he was the owner of an undivided interest in the property destroyed.

Error from Atchison district court; W. T. BLAND, judge. Opinion filed March 16, 1900. Reversed.

*Gleed, Ware & Gleed,* for plaintiff in error.

*J. T. Allensworth, C. D. Walker,* and *J. L. Berry,* for defendants in error.

The opinion of the court was delivered by

WELLS, J. : Christina Wighton was, at the time of the issuance of the policy and of the fire hereinafter referred to, the owner of the undivided one-half of the property burned, the other half belonging jointly to the defendants in error and two other heirs who were made defendants below.

She and her husband made an application for insurance, in which they represented that she was the sole owner of the property and that it was unencumbered. Upon this application a policy of insurance was issued by the plaintiff in error to said Christina Wighton, under the name of C. M. Wighton, based upon said application, and providing that

"If any false statements were made in said application or if the property herein named or any part thereof shall hereafter become mortgaged or encumbered, or if the interest of the assured be other than unconditional and sole ownership, then and in each and every one of the above cases this entire policy shall be null and void."

A total loss by fire occurred to the property during the term covered by said policy of insurance. The defendants brought an action claiming that said policy was issued to the said Christina Wighton for the benefit of herself and the other joint owners of the property, and asking judgment for their proportion of the loss. The insurance company answered denying that it insured any interest in said property save that of the applicant, alleging that the policy was void by reason of false representations in the application therefor, and pleading a full settlement of all claims under said policy between the insurance company and the insured. To this answer the plaintiffs replied with a

general denial, and specially denying the right of said assured to settle said claim, and alleging that the said settlement was a collusion, conspiracy and fraud entered into between said insurance company and said Christina Wighton for the purpose of cheating and defrauding said plaintiffs. The plaintiffs recovered a judgment before the justice of the peace before whom the case was brought, an appeal was taken to the district court, a jury trial had, a judgment again recovered by the plaintiffs, and the action is now before us for review.

There are six assignments of error made by the plaintiff in error. The first and second errors alleged are in overruling motions for judgment in favor of the defendants for the reason that there was no evidence to justify a finding for the plaintiffs. There were three defenses made by the defendant to the claim of the plaintiffs, any of which, if sustained, would be sufficient to defeat a recovery. These are well stated in the plaintiff in error's reply brief: (1) That the interest of the defendants in error was not insured under the policy mentioned in the bill of particulars ; (2) that the policy was void because of false statements made in the application for insurance ; and (3) that the loss under the policy was settled with Mrs. Wighton by a compromise settlement.

Was the interest of the defendants in error insured? There is no intimation in the policy that the interest of any person other than Mrs. C. M. Wighton was insured ; on the contrary, the policy expressly provided : "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, or the interest of the assured in the property, except as herein provided." Was there sufficient evidence to justify the jury in finding

Insurance Co. v. Maxwell.

that the insurance company ever agreed to insure the
interest of the defendants in error in said property?
If so, we have failed to find it, and it is not pointed
out by the defendants in error in their brief.   They
say: ''There was evidence on the trial tending to
show facts from which the jury was authorized to
infer and find the fact of an agreement or under-
standing between Mrs. Wighton and her children,
that she would keep the property insured while she
occupied it, for its full insurable value, for the benefit
of all the interested parties in it.''

Concede this to be true and it would only show
her authority and perhaps her duty to do so, but it
would not even tend to show that the company agreed
to insure their interest in the property.   In order to
hold the insurance company, there must be some obli-
gation or duty on its part upon which its liability is
based.   None of the cases cited by the defendant in
error upon this proposition sustains their claim;
neither these nor any other that we have been able to
find go to the extent of holding that a stranger to a pol-
icy of insurance can collect thereon simply because he
owned an undivided interest in the property destroyed,
but the contrary was recognized as the law in *Santa
Clara Female Academy v. Northwestern Nat. Ins. Co. and
others*, 98 Wis. 257, 73 N. W. 767.   Our views upon
this question render a consideration of the other ques-
tions discussed unnecessary.

The judgment of the district court is reversed and
said court directed to render a judgment for the plain-
tiff in error herein.