JAS. H. GRANT ET AL. v. MOLLIE S. BUCHANAN ET AL.

Decided June 10, 1904.

**Insurance—Life Interest—Remainderman.**

    The owner of a life interest only in a house and furniture was entitled to the full proceeds of insurance taken out by her thereon, on its destruction by fire, as against the claims of the owners of the estate in remainder, at least, in the absence of proof that the amount exceeded the value of her life interest.

Appeal from the District Court of Bastrop. Tried below before Hon. Ed. R. Sinks.

*Fowler & Fowler,* for appellants.

*J. S. Jones* and *Dyer Moore,* for appellees.

KEY, ASSOCIATE JUSTICE.—Mrs. Mollie S. Buchanan brought this suit against the Phoenix Insurance Company on a fire insurance policy covering a dwelling house and furniture therein. The defendant filed an answer, the terms of which need not be stated, as it has not appealed and is not complaining.

James A. Grant, his wife Mattie A. Grant, S. R. Buchanan, S. S. Sayers, Raymond B. McLavy, A. B. McLavy, Arthur G. McLavy and Midget Schafer filed a plea of intervention, alleging that the plaintiff was not the owner of the property insured, her interest therein being only a life estate, and that the interveners owned the remaining interest therein; that the full value of the property had been considered in fixing the amount of the insurance, and that they had ratified and adopted the contract of insurance; and they prayed for judgment for the entire amount due on the policy, and in the alternative for such portion thereof as the facts might show they were entitled to.

After hearing the testimony the court instructed a verdict for the plaintiff for the full amount of the policy, and against the interveners on the claim asserted by them. The verdict was so returned and judgment was entered accordingly, and interveners alone have appealed.

The undisputed testimony shows that the policy was made payable to the plaintiff; that she paid the premium thereon; that her title consisted of a life estate only, of which fact the insurance company was apprised when it issued the policy; that the policy was procured by and issued to her for her sole benefit, and not for the benefit of the interveners, who owned at the time that the policy was issued, and still own, the remaining interest in the property.

The policy was issued for $1650 on the dwelling house; $150 on the servant's room, and $600 on personal property; and it was shown that the houses referred to were worth $2400 and the personal property $1500.

It was shown that the plaintiff at the time of the trial was 39 years

of age and in average health; but there was no other testimony tending to show the value of her life estate in the property.

The appellants contend that their right to recover should have been submitted to and passed upon by the jury, and that the trial court committed reversible error in directing a verdict against them.

We overrule this contention and hold that the case was properly disposed of. By its terms the policy was payable to the plaintiff; and if the interveners were entitled to recover anything, it could only be the excess over the value of the plaintiff's life estate, and they submitted no testimony by which the amount of such excess could be determined. However, if such proof had been made, the writer, speaking for himself only, is of opinion that it would not have authorized a recovery by the appellants. The contract having been made for the sole benefit of the owner of the life estate, it seems to me that the value of the property or of her interest therein is immaterial, in so far as the rights of third parties are concerned. She had an insurable interest to the full value of the property. 13 Am. and Eng. Enc. of Law, 177.

No error has been pointed out and the judgment is affirmed.

*Affirmed.*

Writ of error refused November 10, 1904.