**LINZ et al. v. BOWER.**

No. 12004.

Court of Civil Appeals of Texas. Dallas.

July 13, 1935.

Rehearing Denied Sept. 28, 1935.

Callaway & Reed and W. C. Scurry, all of Dallas, for appellants.

Julius H. Runge, of Dallas, for appellee.

BOND, Justice.

This suit was filed by the appellee, J. R. Bower, against Mrs. Bettina Lois Linz and her husband, Clarence E. Linz, and Mrs. Jessica H. Pike, for the amount due on a promissory note and for foreclosure of a deed of trust lien on certain property in the city of Dallas, Tex.; and against Elma Linz Levy and her husband, Mont. Levy, for foreclosure of the lien. The first named parties executed the note and deed of trust to Pacific Mutual Life Insurance Company and the note and lien were purchased by the appellee; the last two named parties hold a second lien on an undivided one-half interest in the property belonging to Bettina Lois Linz.

The suit was filed on January 25, 1934, and on December 3, 1934, the appellants Bettina Lois Linz and Clarence E. Linz filed answer containing a general demurrer, special exceptions, general denial, and specially alleged that, prior to and at the time the appellee purchased the note and lien there existed a relationship of mutual trust and confidence between them and the appellee; that, because of this relationship, the purchase of the common encumbrance by appellee inured to their benefit, and that they had a reasonable time to elect whether or not to share in the purchase or contribute their proportionate share of the amount expended for the preservation and protection of the common interest. They also alleged that the suit was prematurely brought, that the relief prayed for should be denied, and that the suit should be dismissed.

The defendant Jessica H. Pike, a widow, is not a party to this appeal, and her pleadings, if any, are not shown in the transcript.

The appellants Elma Linz Levy and Mont Levy, on December 3, 1934, filed answer containing a general demurrer and denial and adopted as their own the answer of Bettina Lois Linz and Clarence E. Linz, and specially alleged that they were the owners of a second lien to secure a note in the sum of $40,000 against the one-half undivided interest of Bettina Lois Linz in the property involved in the suit.

The case was tried to a jury, and, at the conclusion of the testimony, the court instructed the jury to return a verdict in favor of the plaintiff against Clarence E. Linz and Jessica H. Pike, for the amount due on the note, and for foreclosure of the deed of trust lien upon the property described in the pleadings against all of the defendants. No personal judgment was taken against Mrs. Linz.

The record in this case shows the following material facts:

On February 25, 1918, Cornelia Sanger, a feme sole, deeded the property to her daughters, Jessica H. Pike and Bettina Lois Linz, in consideration of love and affection. Thereafter these two ladies, joined by their husbands, borrowed $35,000 on this property, and on November 13, 1928, borrowed $90,000 from the Pacific Mutual Life Insurance Company and gave to it a deed of trust upon the property to secure the payment of the note. This latter note absorbed the original $35,000 note, which had been continued

and kept alive in the intervening years, and evidenced an additional sum of $55,000.

On December 20, 1928, the appellee J. R. Bower purchased the one-half interest of Jessica H. Pike in the property, for a consideration of $65,000 cash and the assumption by Bower of one-half of the outstanding $90,000 note, held by the Pacific Mutual Life Insurance Company.

On November 13, 1933, the $90,000 note became due and payable, and, as a condition on which the insurance company would renew and extend the loan, required of the owners a payment of at least $15,000 on the principal, that is, the principal of the note be reduced from $90,000 to $75,000. Mr. Bower and Mr. Linz (Mr. Linz acting for his wife with full authority from her to do so) had several conversations in reference to the proposed reduction and the extension of the balance. The conferences took a course of trying to formulate plans of payment to the mutual advantage of the respective parties. At first and before the maturity of the note, Mr. Linz assured Mr. Bower that he had some money coming in, with which he would be able to pay his one-half of the proposed reduction, his one-half being $7,500, and, further, that he would try to raise, through other sources, his part of the payment; but later, failing to make the arrangements as he contemplated doing, to enable him to finance his share of the reduction, Mr. Linz advised Mr. Bower that he had assigned the expected income to the payment of other indebtedness not involving the land in question; and that he would be unable to raise the money by which to pay his proportionate part of the reduction to get the loan extended. So on January 20, 1934, after Mr. Linz had conveyed this information to Mr. Bower and after the note had been past due and unpaid for about two months, on advice of his attorney and to protect his one-half interest in the property, which he had purchased from Mrs. Pike, from foreclosure of the lien held by the Pacific Mutual Life Insurance Company, J. R. Bower purchased the note and lien, paying therefor the amount of the note plus the accrued interest thereon to the date of payment, taking an assignment from the payee, which granted to him all its rights, title, and liens in and to said land given to secure the payment of said note, and transferred, assigned, and set over unto the said J. R. Bower all of its right, title, and interest in and to the indebtedness extended by means of the execution of said note and deed of trust held by the insurance company.

On January 23, 1934, J. R. Bower advised Mr. Linz of his purchase of the note and lien and asked Mr. Linz "what he wanted to do about it," to which Mr. Linz replied "that he could not pay it"; whereupon, on January 25, 1934, the appellant filed this suit.

The appellants Elma Linz Levy and Mont Levy loaned to Bettina Lois Linz $40,000 and took as security therefor a deed of trust lien on the one-half undivided interest of Bettina Lois Linz in the land, subordinating their indebtedness and lien to that held by the Pacific Mutual Life Insurance Company.

The appellants' contention on this appeal is predicated on the theory that there existed a relationship of mutual trust and confidence between the parties owning the property in common of such a nature as to result in law, upon the purchase of the encumbrance by J. R. Bower, the purchase inured to the use and benefit of the joint owners; and upon such purchase they have a right to make contribution to their cotenant, J. R. Bower, for their proportionate share of the amount paid for the note; and that they are entitled to a reasonable time within which to elect whether to adopt said purchase as having been made for their benefit; and, further, before a reasonable time had elapsed, the defendant having filed suit demanding payment of not only the amount the appellants were entitled to contribute, but an additional attorney fee, interest, and penalty, made it unnecessary for the appellants to make a tender or offer to contribute or express a present willingness to pay their proportionate amount paid by their cotenant.

The record does not contain in pleadings nor proof a tender or offer to contribute upon the part of the appellants their proportionate share of the money expended by the appellee for the benefit of the common property. There is no offer by the appellants to pay whatever amount the court might determine to be owing by them. The record does not disclose or exhibit any willingness or ability on the part of the appellants to pay any amount of money or any intention on their part to ever pay any sum of money in connection with this matter.

It is our opinion that where a tenant in common purchases an outstanding encumbrance on a joint estate, he is entitled to contribution from his cotenants in proportion to their respective shares and entitled to the remedies of the original holders as against the cotenants, unless there are intervening equities. A cotenant is under no legal or moral obligation to protect the other owners in their independent enjoyment of their estates or to permit the cotenant to speculate with the result of appellee's involuntary purchase. The debt in this case was more than two months past due at the time of appellee's purchase; the cotenants, Mrs. Linz and her husband, were unable to pay their proportionate part of the indebtedness. Their cotenant Bower, in the protection of the common property, was forced to purchase the note and deed of trust lien, which the makers had expressly obligated themselves to pay to the payee or its assigns, at a time mentioned in the note. Thus, no election, as we see it, existed as to the makers to determine whether they would pay the note, and the holder of the note was under no obligation to extend the time of payment or grant a reasonable time for the makers to elect whether they would pay. The election was determined by their contract, and the contract was not impaired or discharged by the purchase, but was kept alive with all of its expressed terms and conditions, thus enabling the purchaser to compel contribution in accordance with the obligation.

"It is a general rule that when a tenant in common discharges an outstanding lien on the property, the discharge inures to the benefit of all the co-tenants if they choose to avail themselves thereof by reimbursing him, and that he derives no exclusive right against them except to use the discharge as a basis to enforce contribution against them." 7 R. C. L. 870, § 64. The redeeming tenant, in order to secure contribution, is subrogated to the rights and remedies which by the purchase he has redeemed.

The appellee here was not a maker of the note, nor was he an indorser thereof. He had, by his contract of purchase of the real estate, promised, assumed, and agreed to pay only one-half of the amount coming due on the $90,000 loan; and, having purchased the entire note and the deed of trust from the insurance company and having kept alive the note and lien by the purchase and having given his cotenants the right of redeeming their obligation by payment of one-half of all the amounts, principal, interest, attorney fees and the taxes which had accrued, which, under the terms of the deed of trust, the holder of the note was entitled to charge as part of the indebtedness, the appellee was entitled to the same rights that the insurance company had. Manifestly, the insurance company could have brought the suit against the makers of the note at any time after its maturity. The right of action for contribution, therefore, arose in favor of its assignee immediately upon the purchase, and when appellee purchased the encumbrance and took the assignment, he thereby became subrogated to the rights of the original lien holder.

When the appellee became the holder of the indebtedness and lien, the appellants had the right of redemption the same as when the note and lien were in the hands of the insurance company. They did not exercise this right at any time; they were unable to pay their proportionate share of the indebtedness, and the appellee did not deprive them of any right by the filing of the suit. The suit had for its purpose to force contribution by the makers of the note, allowing them to share in the benefits of the purchase, which they might well have exercised at any time before the sale of the property under the foreclosure. The appellee put the matter in court, and his cotenants have had a fair and full opportunity to adjudicate the question of the amount owing by them, to pay their part after the amount has been judicially determined, and to redeem their equity in the property. They have not availed themselves of these privileges; thus no intervening equities are shown as to warrant a court of equity to deprive the purchaser of the rights and remedies of the payee of the assigned note and lien.

It seems clear, we think, that the makers of a note and deed of trust have no choice as to whether or not they will make payment when it is past due and suit is brought upon it. In such a case, the makers are not entitled to a reasonable time to decide as to whether or not they will elect to contribute, or a reasonable time within which to pay, should they elect.

The appellants Elma Linz Levy and Mont Levy were the owners of a note and lien on the one-half undivided interest of Mrs. Linz in the property. As to the in-

surance company and its assigns, their lien was secondary. They had no interest in the one-half of the property owned by Mr. Bower, and had no lien thereon, therefore, were not concerned, as a matter of law, with this interest. They enjoyed the right to redeem the interest of Mrs. Linz from the first lien, held by the insurance company and later by appellee, which, under the law, was the extent of their privilege in the matter. They did not avail themselves of this right. The interest appellants held was segregated in the cause of action from the interest in which they were not concerned. The interest of Mrs. Linz in the property, charged with the payment of both liens, is the only interest involved. Having failed to redeem the interest in which they were concerned, they cannot stand on any equity as to the other interest on which they had no lien.

We find no error in the action of the trial court in peremptorily instructing the jury, as was done, and in entering judgment in favor of the appellee. The judgment is affirmed.

Affirmed.