**W. T. NEWSOME, Appellant,**

v.

**ST. PAUL MERCURY INSURANCE COMPANY et al., Appellees.**

No. 16063.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 22, 1960.

Mayfield & Atkins and Bill Atkins, Fort Worth, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, Fort Worth, for appellee St. Paul Mercury Ins. Co.

Woodruff, Morgan, Woodruff & Nobles, and Wm. A. Nobles, Decatur, for appellee Dorothy Newsome Fleece.

RENFRO, Justice.

The question presented in this appeal is whether Mrs. Fleece, formerly Mrs. Newsome, is entitled to share in the proceeds of a fire insurance policy.

Mr. Newsome and Mrs. Fleece were divorced on May 2, 1958. No disposition was made of the community property.

On September 8, 1958, Newsome was issued a fire insurance policy on a house he and Mrs. Fleece had acquired as community property during their marriage. The premium was paid entirely by Newsome. There had been no previous insurance on the building. On September 30, the building was completely destroyed by fire.

On December 4, Newsome brought suit against the insurer, St. Paul Mercury Insurance Company, for the face amount of the policy. Because Mrs. Fleece claimed part of the proceeds, the Company interpleaded her and deposited the full amount of the policy into the registry of the court. Mrs. Fleece answered the Company's interpleader and intervened in the suit, and prayed for recovery of half the proceeds. The judgment divided the policy proceeds equally between Newsome and Mrs. Fleece, less attorney's fee for intervener.

Newsome appealed. He contends the court erred in awarding a share of the proceeds to Mrs. Fleece because (1) the insurance is payable to Newsome alone and Mrs. Fleece, a cotenant, is not named as an insured; (2) the Insurance Company is not liable under the insurance contract to a stranger to the policy; (3) only Newsome's interest was insured under the policy.

The policy was issued in the name of Newsome and insured him against direct

loss resulting from fire. The policy also provided that liability thereunder should not exceed the interest of the insured.

■ Where a husband and wife, owning community property, are divorced without the court having made any division of such property in the divorce decree, they become tenants in common in the property or joint owners thereof. Ex parte Williams, Tex., 330 S.W.2d 605; McDaniel v. Thompson, Tex.Civ.App., 195 S.W.2d 202; Kirkwood v. Domnau, 80 Tex. 645, 16 S.W. 428; 15–A Tex.Jur., p. 785, sec. 164; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102.

■ The proceeds of a fire insurance policy taken out by a joint owner on only his interest inures to his benefit alone. American Central Ins. Co. v. Harrison, Tex. Civ.App., 205 S.W.2d 417.

■ Where by the terms of the policy the insurer is not to be liable beyond the interest of the insured in the property, a stranger to the contract cannot collect thereon simply because he was the owner of an undivided interest in the property. Travelers Fire Ins. Co. v. Steinmann, Tex. Civ.App., 276 S.W.2d 849.

■ Mrs. Fleece did not contend that any negligence on the part of Newsome caused the loss, nor did she by pleading or proof offer any equitable theory of recovery. She takes the position that the policy on its face purports to cover the full property interest and not the undivided interest of Newsome alone and she is therefore entitled to recover one-half the proceeds of the policy. We cannot agree. The policy insured Newsome against loss resulting from fire and restricted liability to an amount not to exceed his interest. It did not fully insure the property but fully insured Newsome against loss. The record does not show that the amount of insurance provided for in the policy exceeded Newsome's undivided interest therein.

Under the record before us we conclude that the policy in question was a personal contract between the insurer and Newsome and that Mrs. Fleece is a stranger thereto and not entitled to recover.

The judgment is reformed so as to award Newsome the full amount of the proceeds of the policy, less the attorney's fee allowed the interpleader, and, as reformed, the judgment is affirmed.