**Elmo LEE et al., Appellants,**

v.

**J. A. HONEA, Appellee.**

No. 16243.

Court of Civil Appeals of Texas.

Fort Worth.

July 14, 1961.

Rehearing Denied Sept. 15, 1961.

Sam Cleveland and Joseph A. Chandler, Stephenville, for appellant.

C. O. McMillan, Stephenville, for appellee.

RENFRO, Justice.

This is a partition suit wherein the principal controversy concerns the proceeds from a house fire insurance policy.

J. A. Honea is appellee and his stepchildren are appellants.

Mary Honea, mother of appellants, married appellee in 1925. The Honeas thereafter acquired a homestead consisting of a small tract of land and a house situated thereon in Granbury. Mrs. Honea died intestate in 1941. When she died the title to the land passed by inheritance to her heirs at law. As one of such heirs appellee acquired, in addition to his undivided one-half interest, a homestead estate in the other one-half, terminal upon his death or abandonment of such homestead right. The other one-half interest passed to appellants, subject to appellee's homestead right.

Appellee continued to occupy the land as his homestead until November, 1959, when the house was destroyed by fire. He collected the full amount of an $8,000 fire policy and deposited the proceeds in his name in a bank. The policy was not introduced in evidence but the record shows the policy was payable to appellee and he paid the premiums thereon.

In May of 1960, appellee filed a suit for the partition of the land. Appellants filed a cross-action for partition of the proceeds of the insurance policy and for various other items.

At the conclusion of the evidence both sides moved for instructed verdict. The court granted appellee's motion and entered judgment of partition of the land (from which there is no appeal) but denied appellants any recovery of the insurance proceeds.

Appellee could have used the proceeds to erect another house, but he did not choose to do so.

■ In our opinion he abandoned or waived his homestead right when he filed and prosecuted to judgment his partition suit. Moore v. Moore, 89 Tex. 29, 33 S.W. 217; Berry v. Godwin, Tex.Com.App., 222 S.W. 191.

The evidence shows that the value of the house did not exceed the value of $8,000. Thus the full value of the house was insured, and not merely appellee's one-half interest therein. Appellee does not deny the policy covered the full value of the house, but insists the burden was on appellants to show the value of appellee's life estate in the premises. When he voluntarily abandoned or waived his homestead right, what the future value of the life estate would have been to him became immaterial.

■ When the house upon the land is destroyed by fire and there exists thereon a policy of insurance, the money arising therefrom stands in the place and stead of such house. Swayne v. Chase, 88 Tex. 218, 30 S.W. 1049; Rolater v. Rolater, Tex.Civ. App., 198 S.W. 391.

Upon abandonment of the homestead we think the proceeds of the policy "stood to the owners in the place of the property lost" and appellants were entitled to share therein just as if appellee had brought the partition suit before the fire.

■ We conclude that because of appellee's prosecution of the partition suit to judgment, and his failure to exercise his right to use the insurance money to rebuild or build another house, his homestead rights terminated as to the insurance proceeds, and appellants were entitled to one-half of such proceeds in law and as a matter of equity.

The proceeds of a policy on household furniture and effects were also involved but we find no evidence that the amount of insurance on such items exceeded appellee's interest therein. On the other hand, appellee testified a substantial portion of the furniture was acquired by him after the death of Mrs. Honea.

Appellants also contended they were entitled to one-half the value of a truck sold by appellee about 14 years before trial. In view of the meagre evidence concerning the truck, we think the court was justified in denying recovery therefor.

The judgment denying appellants any part of the house fire insurance proceeds is reversed and judgment rendered for appellants for one-half such proceeds or $4,-000.

In all other respects the judgment of the trial court is affirmed.

Affirmed in part, reversed and rendered in part.