James B. DOSS et ux., Appellants,

v.

Rena ROBERTS, Appellee.

No. 8100.

Court of Civil Appeals of Texas, Texarkana.

Oct. 31, 1972.

Rehearing Denied Dec. 5, 1972.

Norman Russell, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellants.

William E. Wiggins, Texarkana, Woodrow Edwards, Mt. Vernon, for appellee.

RAY, Justice.

This suit involves the division of monies received from the sale of land found not to be subject to partition in kind. Rena Roberts, appellee (plaintiff), brought suit to partition 22 acres of land located in Bowie County, jointly owned with appellants (defendants), James B. Doss and wife Carolyn Sue Doss. The jury found that the land was not subject to partition in kind, and the court ordered the land sold and the proceeds divided equally after deducting the expenses of the sale. The parties each owned an undivided one-half interest in the property. The land was subject to a Veteran's Administration loan and lien. Appellant Doss purchased insurance on his interest in the dwelling located on the land in the amount of $10,000.00 and named the Veteran's Administration as loss payee. The improvements were destroyed. Doss paid the remaining balance due the V.A. in the sum of $8,964.87, and thereafter collected the insurance proceeds of $10,000.00. Appellee Roberts contended she was entitled to one-half of the insurance monies because the house was not rebuilt.

After appellants purchased an undivided one-half interest in the land and improvements, appellee Roberts continued to make payments to the Veteran's Administration. The court found that Mrs. Roberts had paid $1,580.00 to the V.A. on the loan, but refused her the right of reimbursement. The land sold for $12,000.00 and the trial court entered judgment allowing each party $6,000.00 from the sale and charged each with one-half of the $885.00 cost of sale. The trial court refused to give appellant Doss credit for one-half of the payment he was required to make the Veteran's Administration to retire the indebtedness against appellee Roberts' undivided one-half interest.

Doss and wife have timely appealed to this court seeking reformation of the trial court judgment and urge that they are entitled to be reimbursed the amount they paid the V.A. in order to clear the lien against Roberts' one-half of the property.

One of the problems to be resolved in this case is whether appellee Roberts was entitled to one-half of the proceeds from the insurance policy on the house. We think not.

■ Appellants Doss and wife purchased insurance to cover their interest alone in the house and did not purchase a policy covering the full value of the house. When the house burned, the insurance proceeds stood in the place of the interest owned solely by the Dosses and did not inure to the benefit of appellee Roberts. We confirm the rule of law that a policy of insurance constitutes a personal contract between the company and the insured, and a stranger to such policy may not ordinarily sue thereon and is not entitled to a share of the proceeds where the terms of the policy limit liability to the interest of the insured. Travelers Fire Ins. Co. v. Steinmann, 276 S.W.2d 849 (Tex.Civ.App. Dallas 1955, writ ref'd, n.r.e.); Grogan v. Henderson, 313 S.W.2d 315 (Tex.Civ.App. Texarkana 1958, writ ref'd, n.r.e.); Newsome v. St. Paul Mercury Insurance Company, 331 S.W.2d 497, 499 (Tex.Civ.App. Fort Worth 1960, no writ). We announce the rule that when an insured structure is damaged or destroyed, the insurance proceeds stand in the place of the interest owned by the purchaser of the policy alone and do not inure to the benefit of other interest owners when the purchaser of the policy insures only his interest in the property.

■ When a joint owner undertakes to insure the interest of all joint owners for the full value of the property, he may collect for himself and his cotenants the full amount of damages but may retain for himself only the value of his destroyed interest, the other cotenants being entitled to the balance. However, the one purchasing the insurance policy is entitled to reimbursement for the other joint owners for the cost of the insurance premiums paid in their behalf.

■ It is important to note however that one spouse cannot purchase insurance with separate funds upon a dwelling constituting the other's separate property, and thereby convert the insurance proceeds from separate property to community property if a loss should occur, just because he or she may have an insurable interest in the dwelling as a consequence of his or her homestead rights. Rolater v. Rolater, 198 S.W. 391 (Tex.Civ.App. Dallas 1917, no writ).

■ It is also important to note that, as between one owning the homestead interest in property and those who are the remaindermen, the one holding a homestead interest for life and who purchased the policy of insurance, is entitled to the full amount of proceeds of the policy to the extent of the loss because the owner of the homestead interest has an insurable interest to the full value of the property. Grant v. Buchanan, 36 Tex.Civ.App. 334, 81 S.W. 820 (1904, writ ref'd). However, if one abandons the homestead, he is not entitled to the entire amount of the insur-

ance policy covering the full value of the homestead dwelling, but is only entitled to the portion of the proceeds in an amount equal to his interest in the property. He would be entitled to be reimbursed for the cost of the insurance premiums paid on behalf of the other joint owners, however.

■ We further confirm the principle that one cotenant has the right to recover from another cotenant the amount required to discharge the second cotenant's share of the encumbrance against the commonly owned property. Wooley v. West, 391 S.W.2d 157 (Tex.Civ.App. Tyler 1965, writ ref'd, n.r.e.). See also Linz v. Bower, 86 S.W.2d 63 (Tex.Civ.App. Dallas 1935, writ ref'd).

■ The trial court was not entitled to take into consideration the proceeds from the insurance policy on the dwelling in arriving at the amount to which appellee Roberts was entitled, because appellants Doss and wife were the owners of the policy and entitled to all of the proceeds in the sum of Ten Thousand ($10,000.00) Dollars.

Pursuant to Rule 434, Texas Rules of Civil Procedure, the judgment of the trial court is modified and judgment is here rendered that appellants Doss and wife recover from the proceeds of the sale of the land the sum of Six Thousand ($6,000.00) Dollars, plus Four Thousand Four Hundred Eighty-two and 43/100 ($4,482.43) Dollars (the amount paid to the V.A. for Roberts), less one-half of the total sales cost and less one-half of One Thousand Five Hundred Eighty ($1,580.00) Dollars (the amount due from Doss to Mrs. Roberts to reimburse her for the amount she paid on the V.A. loan). Appellants shall therefore be entitled to Nine Thousand Two Hundred Forty-nine and 93/100 ($9,249.93) Dollars and appellee Roberts the sum of One Thousand Eight Hundred Sixty-five and 07/100 ($1,865.07) Dollars, with the balance of Eight Hundred Eighty-five ($885.00) Dollars being paid out for the cost of the sale.

The judgment of the trial court is modified, and as modified is affirmed.

## ON MOTION FOR REHEARING

CHADICK, Chief Justice.

The appellee's urgent insistence that the original opinion herein is off target prompts this notation of concurrence with the original opinion.

I shall undertake to explain why, in my view, the proceeds of the Doss insurance policy did not inure to the benefit of Rena Roberts. The appellee primarily relies upon Lee v. Honea, 349 S.W.2d 110 (Tex. Civ.App. Fort Worth 1961), writ ref'd, n. r.e. at 163 Tex. 129, 352 S.W.2d 717 (1961). This is emphasized by the statement in the appellee's brief that such case is "the controlling and decisive precedent" in the appeal. *Honea* is distinguishable. In *Honea* the co-tenant insured the house destroyed by fire, with loss payable to himself, for the house's full value, not merely for the value of his one-half undivided interest therein. In this case, Mr. Doss told Mrs. Roberts that he was preparing to insure his individual interest in the house and thereafter he did procure insurance against loss by fire, payable to himself as his interest might appear. Nothing in the record indicates that the amount of insurance procured by Mr. Doss was in excess of the value of his interest in the destroyed house. Unlike *Honea*, there is no proof that Mr. Doss insured the house for its full value or that he intended to or did insure his co-tenant's interest in the house. The insurer paid Mr. Doss the face amount of his policy in compliance with the policy obligation to pay losses within policy limits sustained by Mr. Doss' interest in the property. Inferentially, the insurer's payment of the loss tends to prove that the value of Mr. Doss' interest in the house was equal to or exceeded the amount paid under the policy's terms. But if such inference can not validly be drawn from the proof, still, in the absence of evidence

that the interest of the co-tenant, Mrs. Roberts, was actually insured, she, as co-tenant, had no claim to the insurance proceeds under basic principles of contract law. See cases cited in original opinion.