COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-176-CV
 
 
TRANSPORT 
INTERNATIONAL                                                APPELLANT
POOL, 
INC. D/B/A GE CAPITAL
MODULAR 
SPACE
 
V.
  
THE 
CONTINENTAL INSURANCE                                              APPELLEES
COMPANY 
AND CONTINENTAL
CASUALTY 
COMPANY
 
 
------------
 
FROM 
THE 67TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
Introduction
        In 
this insurance coverage dispute case, Appellant Transport International Pool, 
Inc. d/b/a GE Capital Modular Space (GE) appeals from the trial court’s 
summary judgment in favor of Appellees Continental Insurance Company and 
Continental Casualty Company (Continental).  In granting Continental’s 
motion, the trial court held that Continental has no duty to defend or indemnify 
GE in the underlying lawsuit.  GE also appeals from the trial court’s 
denial of its cross-motion for summary judgment.  We affirm.
Factual and 
Procedural Background
        On 
or about March 10, 2000, Tommy Doolin (Doolin) was employed by Vratsinas 
Construction Company (Vratsinas).  Doolin was allegedly injured when a 
modular space unit (also referred to as a construction trailer) that he was 
occupying blew over in high winds.  The unit was owned by GE and was being 
leased to Vratsinas under a lease agreement. When GE leased the unit to 
Vratsinas, the lease agreement provided that
  
Customer, at Customer’s sole cost, will procure and keep in full force and 
effect from the initial delivery date until the return of all Equipment the 
following policies of insurance satisfactory to GECMS as to the insurer and as 
to the form and amount of coverage, with premiums prepaid;
 
i) 
Commercial General Liability Insurance with a minimum combined single limit of 
$1,000,000 per occurrence, written on an occurrence form, including coverage for 
premises, operations, contractual liability, broad form property damage, 
independent contractors and personal injury liability, naming GECMS as an 
additional insured.
 
ii) 
Commercial Property Insurance protecting against all loss and damages, at full 
replacement cost, sustained or suffered due to the loss of or damage to the 
Equipment as a result of collision, fire, lightning, theft, flood, windstorm, 
explosion or any other casualty, naming GECMS as a loss payee.
 
 
        Vrastinas’ 
insurance policy was with Continental. Doolin subsequently filed suit naming 
only GE as a defendant alleging that GE “negligently and carelessly failed to 
properly anchor and tie the trailer down so that it was safe for its intended 
use as a construction office.”
        GE 
then filed a third-party petition against Vratsinas and Continental alleging 
their obligation under the lease and the insurance policy to defend and 
indemnify GE against Doolin’s claims. In its petition, GE sought a declaratory 
judgment[1] that Continental and Vratsinas are liable 
for all of Doolin’s claims against GE.  On June 20, 2003, Continental 
moved for summary judgment seeking a declaration that it had no duty to defend 
or indemnify GE against the claims of Doolin.  On February 19, 2004, GE 
filed a cross-motion for partial summary judgment seeking a declaratory judgment 
in its favor on the issue of Continental’s duty to defend and indemnify GE 
against Doolin’s claims.[2]   The trial 
court granted Continental’s motion for summary judgment and denied GE’s 
cross-motion.  The trial court’s judgment declared that Continental had 
no duty to defend or indemnify GE in Doolin’s suit against it, and GE’s 
third party petition filed against Continental was dismissed with prejudice.  
GE appeals from the summary judgment in favor of Continental and from the denial 
of its cross-motion for summary judgment.
Issues on 
Appeal
        In 
four issues, GE (1) argues generally that the trial court erred by granting 
summary judgment for Continental; (2) argues generally that the trial court 
erred by denying GE’s cross-motion for partial summary judgment; (3) contends 
that the trial court improperly construed the factual allegations in Doolin’s 
petition against GE, rather than in favor of GE; and (4) contends that the trial 
court ignored other allegations in Doolin’s petition that would allow proof at 
trial that Doolin’s injuries were not caused by GE’s sole negligence.
        Continental 
presented multiple grounds in its motion for summary judgment urging that it 
owed no obligation of defense or indemnity under Vratsinas’ general liability 
policy.  Continental also argued that the bad faith claim under article 
21.21 of the insurance code should be dismissed because there was no claim that 
was covered under the insurance policy and therefore there can be no bad faith 
on the part of Continental.  The judgment in favor of Continental does not 
specify the grounds upon which it was granted.  Therefore, if the summary 
judgment can be upheld on any ground presented in the motion, we must affirm.  
See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).
Standard of 
Review
        To 
be entitled to summary judgment, Continental was required to show, as a matter 
of law, that there is no genuine issues of material fact as to one or more of 
the essential elements of the plaintiff’s cause of action. Tex. R. Civ. P. 166(a)(i); Union Pump 
Co. v. Allbritton, 898 S.W.2d 773, 774 (Tex. 1995); Nixon v. Mr. Prop. 
Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  In reviewing the summary 
judgment record, we must consider the evidence in the light most favorable to 
the non-movant and resolve any doubt in the non-movant’s favor.  Doe 
v. Boys Club of Greater Dallas, Inc., 907 S.W.2d 472, 476-77 (Tex. 1995).  
Because the question of an insurance carrier’s contractual duty to defend is 
one of law, we must conduct a de novo review.  State Farm Gen. Ins. Co. 
v. White, 955 S.W.2d 474, 475 (Tex. App.—Austin 1997, no writ).
Duty To Defend
Applicable Law
        An 
insurer's duty to defend its insured is determined according to the "eight 
corners" rule, which requires that we compare the allegations in the 
petition filed against the insured and the insurance policy.  King v. 
Dallas Fire Ins. Co., 85 S.W.3d 185, 187 (Tex. 2002).  The 
plaintiff’s petition must allege facts within the scope of coverage; 
otherwise, the insurer will not be legally bound to provide a defense for the 
insured.  Id.  When the allegations are reviewed to determine 
whether a liability insurer has a duty to defend its insured, a liberal 
interpretation in favor of the insured should be given.  Nat'l Union 
Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc., 939 S.W.2d 139, 141 (Tex. 
1997).  The insurer owes a duty to defend if the plaintiff’s pleadings 
“potentially” state a claim within coverage.  Utica Nat’l Ins. Co. 
of Texas v. Am. Indem. Co., 141 S.W.3d 198, 201 (Tex. 2004); Nat’l 
Union Fire Ins. Co., 939 S.W.2d at 141 (citing Heyden Newport Chem. Corp. 
v. Southern Gen. Ins. Co., 387 S.W.2d 22, 26 (Tex. 1965)).  
Nevertheless, it is not every doubt that requires resolution of the duty to 
defend in favor of the insured; the plaintiff’s pleadings must create “that 
degree of doubt which compels resolution of the issue for the insured.”  Nat’l 
Union Fire Ins. Co., at 142.
        In 
reviewing the plaintiff’s pleadings in light of the policy provisions, we must 
focus on the facts alleged, not on the legal theories.  Id. at 141; Saint 
Paul Surplus Lines Ins. Co. v. Geo Pipe Co., 25 S.W.3d 900, 903 (Tex. 
App.—Houston [1st Dist.] 2000, no pet.) (op. on reh’g); State Farm Gen. 
Ins. Co., 955 S.W.2d at 475-76.  “It is not the cause of action 
alleged that determines coverage, but the facts giving rise to the 
alleged actionable conduct.”  Nat’l Union Fire Ins. Co., 939 
S.W.2d at 141.  If the plaintiff’s petition does not allege facts within 
the scope of the policy’s coverage, an insurer is not legally required to 
provide a defense.  Trinity Univ. Ins. Co. v. Cowan, 945 S.W.2d 819, 
821 (Tex. 1997); Nat’l Union Fire Ins. Co., 939 S.W.2d at 141; Fid. 
& Guar. Ins. Underwriters, Inc. v. McManus, 633 S.W.2d 787, 788 (Tex. 
1982).
        Whether 
an insurer of a liability policy is obligated to defend the insured is a 
question of law to be decided by the court.  State Farm Lloyds v. 
Kessler, 932 S.W.2d 732, 736 (Tex. App.—Fort Worth 1996, writ denied).  
Thus, the duty to defend is not affected by facts ascertained before suit or 
developed during the process of litigation, or by the ultimate outcome of the 
suit.  Argonaut S.W. Ins. Co. v. Maupin, 500 S.W.2d 633, 636 (Tex. 
1973); Heyden Newport Chem. Corp., 387 S.W.2d at 24; Fielder Rd. 
Baptist Church v. Guideone Elite Ins. Co., 139 S.W.3d 384, 388 (Tex. 
App.—Fort Worth 2004, pet. filed).
Vratsinas’ Policy
        Continental 
issued general liability policy L1 63623610 to GE’s lessee, Vratsinas.  
The insurance policy also included an endorsement that stated the following:
 
        A.     Who Is An 
Insured (Section II) is amended to include as an insured any person or 
organization from whom you lease equipment when you and such person or 
organization have agreed in writing in a contract or agreement that such person 
or organization be added as an additional insured on your policy. Such person or 
organization is an insured only with respect to their liability arising out of 
the maintenance, operation or use by you of equipment leased to you by such 
person or organization. A person’s or organizations’s status as an insured 
under this endorsement ends when their contract or agreement with you for such 
leased equipment ends.
 
        B.     With 
respect to the insurance afforded these additional insureds, the following 
additional exclusions apply;
 
This 
insurance does not apply:
 
1. 
To any “occurrence” which takes place after the equipment lease expires;
2. 
To “bodily injury” or “property damage” arising out of the sole 
negligence of such person or organization.
 
 
Doolin’s Petition
        In 
his petition, Doolin alleges as follows about GE’s conduct:
 
        5.     The 
Plaintiff is an employee of Vratsinas Construction Company (“Vratsinas”) and 
at all times relevant to this case was a construction superintendent on a 
project known as Las Collinas Village at Highway 114 and MacArthur in Irving, 
Texas.  Under the terms and conditions of a lease agreement with Vratsinas, 
the Defendant [GE] furnished and set up a 12 X 54' construction trailer for the 
employees of Vratsinas to use as office space during the construction process.  
The Plaintiff’s office was in the trailer leased from the Defendant [GE].  
A copy of the Lease Agreement is attached hereto as Exhibit 1.
        6.     On 
or about March 10, 2000, the Plaintiff was working in the office trailer when 
straight line winds blew the trailer over, causing it to roll several times, 
resulting in serious injuries to the Plaintiff. The Plaintiff suffered a broken 
shoulder, collar bone, ribs, spine, and various cuts and abrasions. The 
Plaintiff’s injuries required hospitalization, surgery, and a lengthy 
rehabilitation.
. 
. . .
        7.     The 
Defendant [GE] negligently and carelessly failed to properly anchor and tie the 
trailer down so that it was safe for its intended use as a construction office. 
The Plaintiff’s injuries and monetary losses were directly and proximately 
caused by the negligence of the Defendant [GE].
 
 
Application of Law to Facts
        In 
its motion for summary judgment, Continental contends that GE is not an 
additional insured under Vratsinas’ insurance policy and alternatively that 
the exclusionary provision in the insurance policy negates Continental’s duty 
to defend and indemnify GE.  However, in Continental’s brief, it states 
that “[t]he only real issue on appeal is the applicability of the ‘Sole 
Negligence’ exclusion.”[3]
        In 
Texas, the term “additional insured” carries a clear technical meaning. W. 
Indem. Ins. Co. v. Am. Physicians Ins. Exch., 950 S.W.2d 185, 188 (Tex. 
App.—Austin 1997, no writ).  An additional insured is a party protected 
under a policy without being named in the policy.  Id. at 188-89.  
A party typically becomes an additional insured pursuant to an agreement 
obligating the named insured to add the additional insured to the named 
insured’s pre-existing insurance policy.  Id. at 189.  
Furthermore, an insurance policy is a contract between the insurer and insured. Doss 
v. Roberts, 487 S.W.2d 839, 841 (Tex. Civ. App.—Texarkana 1972, writ 
ref’d n.r.e.).  The named insured, as a party to the contract, may sue on 
it; however, a stranger to the contract may not sue.  Id.  
Often, questions arise over who else may, and may not, sue on the contract.  
Id. Texas courts have consistently allowed an additional insured to seek 
coverage under such insurance policies.  See Highland Park Shopping Vill. 
v. Trinity Universal Ins. Co., 36 S.W.3d 916, 918 (Tex. App.—Dallas 2001, 
no pet.); McCarthy Bros. v. Cont’l Lloyds Ins. Co., 7 S.W.3d 725, 731 
(Tex. App.—Austin 1999, no pet.); Admiral Ins. Co. v. Trident NGL, Inc., 
988 S.W.2d 451, 452 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).
        Here, 
the lease agreement between Vratsinas and GE was in writing and provided that 
Vratsinas would “procure and keep in full force and effect. . .the following 
policies of insurance . . . naming GECMS as an additional insured.”  The 
insurance policy provided, by way of the endorsement, that in addition to 
insuring Vratsinas, it also insured “any. . .organization from whom you lease 
equipment when you and such. . .organization have agreed in writing. . .that 
such. . .organization be added as an additional insured on your policy.”  
GE leased the construction trailer involved in this lawsuit to Vratsinas.  
Therefore, we must conclude that Continental intended to give additional insured 
status to any person or organization, such as GE, that Vratsinas leased 
equipment from in a contractual agreement.  Accordingly, we hold that GE 
was an additional insured under the Vratsinas/Continental policy.
        Consequently, 
we must resolve whether the exclusionary provision of the endorsement applies as 
to the duty to defend.  Continental’s position is that the policy 
excluded coverage for GE’s sole negligence.  Accordingly, we look within 
the “eight corners” of Doolin’s petition and the insurance policy issued 
to Vratsinas by Continental.  The plain language of the exclusion provides 
that the additional insured endorsement “does not apply to ‘bodily injury’ 
. . . arising out of the sole negligence of such . . . organization.”  
Doolin’s petition provides that GE “furnished and set up” the trailer and 
“negligently and carelessly failed to properly anchor and tie the trailer 
down. . . .”  Given their most liberal interpretation, as we believe the 
trial court did, these allegations do not suggest anything other than the 
conclusion that Doolin’s injuries resulted from GE’s failure to properly 
secure the trailer.  Doolin’s petition did not allege any acts of 
negligence or omissions from any other persons or organization.
        GE 
argues that coverage was not negated by the exclusion in the policy because 1) 
Vratsinas had sole responsibility for preparing the site on which the equipment 
would be used, 2) it was Vratsinas’ responsibility to provide firm and level 
ground for a safe and unobstructed installation, 3) the site selection for the 
trailer was the responsibility of Vratsinas, and 4) Vratsinas assumed all 
maintenance duties.  GE asserts in its brief that based on Doolin’s 
petition, the proof at trial would explore the role played in Doolin’s 
injuries by 1) the act of God, 2) unavoidable accident, 3) Vratsinas’ breach 
of its duties under the lease agreement, as well as its negligence in causing 
those injuries, 4) the acts of a third party not under GE’s control, and 5) 
Doolin himself, in his role as construction site supervisor.
        In 
general, a determination of whether an insurer has a duty to defend does not 
consider matters outside the policy and pleadings.  Capital Bank v. 
Commonwealth Land Title Ins. Co., 861 S.W.2d 84, 88 (Tex. App.—Houston 
[1st. Dist.] 1993, no writ).  We will not read facts into the pleadings, 
nor will we “imagine factual scenarios which might trigger coverage.”  See 
Houston Petroleum Co. v. Highlands Ins. Co., 830 S.W.2d 153, 155 (Tex. 
App.—Houston [1st. Dist.] 1990, writ denied); Nat’l Union Fire Ins. Co., 
939 S.W2d at 142.  Because Doolin’s pleadings only allege that GE’s 
conduct led to his injuries, and because we only look to the pleadings and the 
insurance policy, we conclude that coverage under the endorsement did not apply 
because the policy excluded coverage for GE’s sole negligence.  
Accordingly, we hold the trial court did not err in granting summary judgment in 
favor of Continental on the issue of Continental’s alleged duty to defend.
Bad Faith Claim
Applicable Law
        To 
establish a breach of the duty of good faith and fair dealing, a two-prong test 
must be met. Republic Ins., Co. v. Stoker, 903 S.W.2d 338, 340 (Tex. 
1995).  First, there must be an absence of a reasonable basis for denying 
benefits under the policy.  Id.  Second, the carrier must have 
known or should have known that there was not a reasonable basis for denying the 
claim.  Id.  The first prong of this test requires an objective 
determination of whether a reasonable insurer would have denied the claimant’s 
benefits.  Id.
Application of Law to Facts
        GE 
alleges a claim of “bad faith” against Continental. The Texas Supreme Court 
held that as a general rule there can be no claim for bad faith when an insurer 
has promptly denied a claim that is in fact not covered.  Republic Ins., 
Co., 903 S.W.2d at 341.  However, the court also stated, “[w]e do not 
exclude the possibility that in denying the claim, the insurer may commit some 
act, so extreme, that would cause injury independent of the policy claim.”  
Id. Here, Continental is not guilty of bad faith because there was no 
duty to defend GE.  Furthermore, a review of the record reveals no act 
“so extreme, that would cause injury independent of the policy claim.”
        Accordingly, 
we hold the trial court did not err in granting summary judgment in favor of 
Continental on the issue of bad faith.
Duty To 
Indemnify
Applicable Law
        An 
insurer's duty to indemnify is separate and distinct from the insurer's duty to 
defend.  Farmers Tex. County Mut. Ins. Co. v. Griffin, 955 S.W.2d 
81, 82 (Tex. 1997); Collier v. Allstate County Mut. Ins. Co., 64 S.W.3d 
54, 62 (Tex. App.—Fort Worth 2001, no pet.).  While a party may have a 
duty to defend and then an ultimate determination that there is no duty to 
indemnify, without a predicate triggering of the duty to defend, indemnification 
does not arise.  Farmers Tex. County Mut. Ins. Co., 955 S.W.2d at 
82-84; Travelers Indem. Co. v. Citgo Petroluem Corp., 166 F.3d 761, 768 
(5th Cir. 1999).  Texas cases have consistently held that where there is no 
duty to defend under the terms of the policy, there can be no duty to indemnify.  
State Farm Lloyds v. Borum, 53 S.W.3d 877, 889 (Tex. App.—Dallas 2001, 
pet. denied); Utica Lloyd’s of Texas v. Sitech Eng’g Corp., 38 S.W.3d 
260, 264 (Tex. App.—Texarkana 2001, no pet.); Lay v. Aetna Ins. Co., 
599 S.W.2d 684, 687 (Tex. Civ. App.—Austin 1980, writ ref’d n.r.e.); Great 
Am. Ins. Co. v. Calli Homes Inc., 236 F. Supp. 2d 693, 698 (S.D. Tex. 2002).
Application of Law to Facts
        Therefore, 
because we hold that there is no duty for Continental to defend GE, likewise 
there can be no duty to indemnify.  Accordingly, we hold that the trial 
court did not err in granting Continental’s motion for summary judgment on the 
issue of its duty to indemnify GE.
Appellant’s 
Remaining Issues on Appeal
Liberal Interpretation
        GE 
contends that the trial court improperly construed the factual allegations in 
Doolin’s petition against GE, rather than in favor of GE, and ignored other 
allegations in Doolin’s petition that would allow proof at trial that 
Doolin’s injuries were not caused by GE’s sole negligence.
        Because 
the facts alleged in Doolin’s pleadings do not suggest even a remote causal 
relationship between any other persons’ or organizations’ actions and his 
injuries, they do not create that degree of doubt which compels resolution of 
the issue for the insured.  See Heyden Newport Chem. Corp., 387 
S.W.2d at 26; Nat’l Union Fire Ins. Co., 939 S.W.2d at 142.  
Furthermore, the duty to defend is not affected by the facts of the case 
ascertained before, during, or after the suit.  Cullen v. Commonwealth 
Lloyd’s Ins. Co., 852 S.W.2d 252, 255 (Tex. App.—Dallas 1993, writ 
denied).  Therefore, we hold that the trial court did not err in its review 
and interpretation of Doolin’s pleadings.
Conclusion
        Having 
overruled Appellant’s four issues on appeal, we affirm the trial court’s 
judgment.
  
  
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
 
 
PANEL 
B: DAUPHINOT, HOLMAN, and GARDNER, JJ.
 
DELIVERED: 
June 2, 2005

 
NOTES
1.  
See Tex. Civ. Prac. & Rem. 
Code Ann. ch. 37 (Vernon 1997).
2.  
On February 27, 2004, the trial court issued an order severing all claims of GE 
against Continental from the claims brought by Doolin against GE.
3.  
During oral arguments Continental appeared to concede that GE qualified as an 
additional insured but focused on the fact that it owed GE no duty to defend 
because GE fell within the “sole negligence” exclusion of the insurance 
policy.  Both sides seem to agree that the main issue in this case is 
whether, when examining Doolin’s petition, the exclusionary provision applies.