**HIGHLAND PARK SHOPPING VILLAGE and Henry S. Miller Interests Inc., Appellants,**

v.

**TRINITY UNIVERSAL INSURANCE COMPANY, Appellee.**

No. 05–98–01127–CV.

Court of Appeals of Texas, Dallas.

Jan. 25, 2001.

Dawn Christine Woelfel, Sidney H. Davis, Jr., Touchtone, Bernays, Johnston, Beall, & Smith, Dallas, for Appellant.

Veronica Martinsen Bates, Julia F. Pendery, Cowles & Thompson, P.C., Dallas, for Appellee.

Before Justices KINKEADE, FITZGERALD, and FARRIS.[1]

## OPINION

Opinion By Justice FARRIS.

This case arises out of an earlier suit brought by an employee of Ward Brothers Plumbing Company against appellants for injuries that occurred while the employee was working on the appellants' premises. The issue in this case is whether appellants were entitled to be defended and indemnified as additional insureds under a general liability policy issued by the appellee to Ward Brothers as the named insured. We affirm in part and reverse in part the judgment of the trial court, and render judgment for the appellants.

Highland Park Shopping Village is a shopping center owned by Henry S. Miller Interests, Inc. Ward Brothers provided plumbing services to Highland Park. Trinity Universal Insurance Company issued a commercial general liability policy to Ward Brothers as the named insured. An "additional insured endorsement" to the policy listed Miller and Highland Park under the caption, "SCHEDULE," and described the extent of coverage afforded them:

> WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" for that insured or for you.

The policy also defined "Your work," in pertinent part, as "work or operations performed by you or on your behalf."

James Watkins, a plumber employed by Ward Brothers, was injured on the Highland Park premises while riding a Man Lift in Highland Park's parking garage.[2] Watkins had been sent to Highland Park by Ward Brothers to do repair work required by Highland Park. Watkins had borrowed a ladder from Highland Park to use in his work. After completing the job Watkins returned the ladder to the Highland Park garage basement and used the Man Lift to reach his car, parked outside the garage. Watkins recovered worker's compensation benefits and, joined by his wife, brought a third party action against appellants complaining that the Man Lift was unsafe.

Appellants demanded Trinity defend the Watkins suit and indemnify them for any recovery by the Watkinses. Trinity refused asserting that appellants were not covered because the Watkins' suit alleged negligence only on the part of the appellants and not on the part of Ward Brothers. Appellants' insurance carrier and Trinity joined to settle with the Watkins while reserving the right to litigate the coverage issue now before this court.

Trinity filed this suit seeking a declaratory judgment determining that it owed appellants neither a defense nor indemnity. Both sides moved for summary judgment. The trial court granted Trinity summary judgment declaring that it had no duty to indemnify appellants and at the same time granted appellants summary judgment declaring that Trinity had a duty to defend appellants in the Watkins' suit.

Both the facts of James Watkins's injury and the language of the "additional insured endorsement" are significantly similar to those found in two opinions of other Texas Courts of Appeals: *McCarthy Bros. Co., v. Continental Lloyds Ins. Co.*, 7 S.W.3d 725 (Tex.App.—Austin 1999, no pet.) and *Admiral Ins. Co. v. Trident NGL, Inc.*, 988 S.W.2d 451 (Tex.App.—Houston [1st Dist.] 1999, pet. denied). In both cases, the

---

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Man Lift is described as a vertical device, that works much like a conveyor belt and is commonly used in parking garages to move employees between floors.

courts concluded that the "additional insured endorsements" covered the additional insured for claims involving injuries to employees of the named insured. We find the discussions in both opinions cogent.

In *McCarthy*, the McCarthy Brothers Company was sued by an employee of a subcontractor, Crouch, for negligence arising out of a duty it owed him as a business invitee. *McCarthy*, 7 S.W.3d at 727. Crouch's employee was injured as he walked down a slippery incline. *Id.* at 730. Walking down the incline to get tools to perform Crouch's work was an integral part of its work for McCarthy. *Id.* McCarthy was an additional named insured on a general liability policy issued to Crouch as the named insured. *Id.* at 727. The endorsement insured McCarthy, "only with respect to liability arising out of 'your work' for that insured by or for you." Thus, it provided McCarthy the same coverage that the policy in this case provided to appellants.

In *McCarthy*, the court noted the employee's injury occurred while he was on the construction site for the purpose of carrying out Crouch's work for McCarthy. Thus, the court held, there was a causal connection between the injury and Crouch's performance of its work for McCarthy; accordingly, McCarthy's liability for the injury "arose out of" Crouch's work for McCarthy. *Id.* at 730.

*Trident NGL* involved a similar "additional insured endorsement" that restricted coverage for the additional insured to liability arising out of the named insured's operations. *Trident*, 988 S.W.2d at 454. *Trident* also involved an injury to an employee of the named insured occurring on "premises of the additional named insured." *Id.* at 453. In *Trident*, the court followed the rule of a majority of courts around the country, that it was sufficient that the named insured's employee was injured while present at the scene in connection with performing the named insured's business, even if the cause of injury was the additional insured's negligence. *Id.* at 454–455.

Because we find the holdings in both *McCarthy Bros.* and *Trident NGL* on point and cogent, we hold that as James Watkins's injury occurred while he was on the premises to do the work of his employer, Ward Brothers, his injury arose out of Ward Brothers's work and appellants were covered as additional insureds.

The judgment of the trial court holding that Trinity owed a defense to the appellants is affirmed. The judgment in favor of Trinity on the indemnification issue is reversed and judgment is rendered that appellants, as additional insureds, are entitled to be indemnified for the Watkins suit.