ATOFINA PETROCHEMICALS,
INC., Appellant,

v.

EVANSTON INSURANCE
COMPANY, Appellee.

No. 09–02–072 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Feb. 4, 2003.

Decided April 10, 2003.

Jack G. Carnegie, Tom Bayko, David M. Bays, Jones, Day, Reavis & Pogue, Houston, for appellant.

Jeffery T. Nobles, Marcy Lynn Rothman, Brit T. Brown, Frank A. Monago, Beirne, Maynard & Parsons, LLP, Houston, for appellees.

Bobbi Mihal, for FG CSL, Inc.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

A Triple S Industrial Corporation employee was working at the FINA Oil and Chemical Company (now ATOFINA Petrochemicals, Inc.)[1] Port Arthur refinery when he drowned in a tank filled with fuel oil. His relatives sued ATOFINA. Admiral Insurance Company, the general liability carrier under the contract between ATOFINA and Triple S, tendered its policy limits of $1,000,000. ATOFINA also claimed insurance coverage as an additional insured under a commercial umbrella liability policy issued to Triple S by Evanston Insurance Company (the "excess insurance policy"). Evanston denied ATO-FINA's claim. ATOFINA settled the wrongful death litigation for $6.75 million, and has sued Evanston to recover $5.75 million from the excess insurance policy. The trial court granted summary judgment in favor of Evanston and denied a motion for summary judgment filed by ATOFINA. ATOFINA appeals, asking this court to hold Evanston liable for the cost of the settlement of the wrongful death litigation.

■ When both sides move for final summary judgment and the trial court grants one motion and denies the other, as occurred here, the losing party may appeal both rulings. The appellate court then considers both motions for final summary judgment. *See Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex.1997). The appellate court determines the judgment that should have been entered by the trial court. *See id.* Here

the two motions essentially involve opposing views of the terms of the Evanston insurance policy and of the contract between Triple S and ATOFINA. We consider both parties' motions in determining the judgment that should be entered.

■ The Evanston insurance policy issued to Triple S defines an insured as including the following:

6. A person or organization for whom you have agreed to provide insurance as is afforded by the policy; but that person or organization is an insured only with respect to operations performed by you or on your behalf, or facilities owned or used by you.

We first note Evanston's argument that the death did not occur "with respect to operations performed" by Triple S, and that ATOFINA therefore is not an insured because of the second clause of the quoted definition. We reject this argument. The death occurred while the Triple S employee was performing work for Triple S on a project for ATOFINA, and so occurred "with respect to operations performed by" Triple S. *See Highland Park Shopping Village v. Trinity Universal Ins. Co.,* 36 S.W.3d 916, 918 (Tex.App.-Dallas 2001, no pet.).

Evanston also argues that, pursuant to the contract between ATOFINA and Triple S, ATOFINA is not entitled to insurance coverage beyond the scope of the indemnification provision. Evanston argues that Triple S agreed to indemnify or "hold [ATOFINA] ... harmless ..., except to the extent that any such loss is attributable to the concurrent or sole negligence, misconduct, or strict liability of [ATOFINA]."

---

1. Throughout this opinion we refer to FINA, ATOFINA's predecessor, and ATOFINA, without distinction, as ATOFINA.

■ ATOFINA is not claiming under the indemnity provision, but instead relies on a provision in the Triple S / ATOFINA contract requiring Triple S to list ATOFINA as an additional insured on Triple S's insurance policies. Specifically, a contract exhibit [2] requires that (a) Triple S obtain comprehensive general liability insurance and excess liability insurance, among other policies, (b) the comprehensive policy *include* coverage for Triple S's indemnity obligations, and (c) a certificate be furnished to ATOFINA listing ATOFINA as an additional insured on Triple S's insurance policies.[3]

■ As we interpret the Triple S / ATOFINA contract, Triple S agreed to obtain insurance for ATOFINA, but the agreement to purchase insurance was not limited to insuring only the indemnity obligation. If a party agrees to provide liability insurance coverage for another solely to support an indemnity obligation, the insurance requirement is limited to the indemnity liability. *See generally Emery Air Freight Corp. v. General Transp. Sys., Inc.,* 933 S.W.2d 312, 315 (Tex.App.-Houston [14th Dist.] 1996, no writ.). But where the additional insured provision stands separately from the indemnity provision, and is essentially a free-standing insurance purchasing requirement, the scope of the insurance requirement is not limited by the indemnity clause. *See Getty Oil Co. v. Insurance Co. of N. Am.,* 845 S.W.2d 794, 804 (Tex.1992); *see also Certain Underwriters at Lloyd's London v. Oryx Energy Co.,* 142 F.3d 255, 260 (5th Cir.1998).

The contractual requirement that the insurance to be obtained by Triple S *in-clude* insurance coverage for the indemnity obligation does not exclude other excess insurance coverage. *See St. Paul Mercury Ins. Co. v. Lexington Ins. Co.,* 78 F.3d 202, 206–07 (5th Cir.1996) (applying Texas law); *El Paso Elec. Co. v. Safeway Stores, Inc.,* 257 S.W.2d 502, 506 (Tex.Civ.App.-El Paso 1953, writ ref'd n.r.e.). In this context the word "including" means "as a part of," or "in addition to." Here, "include" is a term of enlargement. *See* BLACK'S LAW DICTIONARY 763 (6th Ed.1990).

We conclude the insurance purchasing requirement clause in the Triple S / ATOFINA contract was not merely in support of the indemnity provision, but rather required Triple S to provide insurance for ATOFINA to the extent Triple S had insurance coverage; the indemnity insurance requirement was in addition to, not exclusive of, other coverage under the excess policy. Because ATOFINA required by contract that Triple S name ATOFINA as an additional insured on Triple S's comprehensive liability and excess liability policies, and because Evanston's policy defines an insured as including a person or organization for whom Triple S agreed to provide insurance, ATOFINA is an insured under the Evanston policy, and the scope of the policy is not limited by the indemnity agreement in the Triple S / ATOFINA contract.

■ Evanston also contends summary judgment was proper because (1) the amount of the settlement in the relatives' suit against ATOFINA was greater than the case would have been worth at trial, and (2) the settlement included punitive

---

**2.** The contract provides that "[t]o the extent that there is any conflict between the provisions of this Contract and the Exhibits, the provisions of the Exhibits shall prevail."

**3.** The exhibit excepts the workers' compensation policy. The exhibit provides further that

the extension of coverage to ATOFINA as an additional insured would not apply to an obligation for which ATOFINA agreed to indemnify Triple S. Evanston does not argue that ATOFINA agreed to indemnify Triple S for any obligation at issue here.

damages, for which Evanston is not liable under the policy. Evanston declined coverage and refused to defend ATOFINA in the wrongful death litigation. Generally, when an insurer denies a defense to its insured and the insured has a verdict rendered against it or enters into a settlement agreement, the insurer may not contest the liability of the insured or the amount of the verdict or settlement. *See Western Alliance Ins. Co. v. Northern Ins. Co. of New York*, 176 F.3d 825, 830 (5th Cir. 1999); *see also Enserch Corp. v. Shand Morahan & Co.*, 952 F.2d 1485, 1493, 1495–96 (5th Cir.1992). (Both of these cases cite *Employers Casualty Co. v. Block*, 744 S.W.2d 940, 943 (Tex.1988), *overruled on other grounds by State Farm Fire and Cas. Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex.1996)). We hold the insurer may not contest the amount of the settlement under these circumstances, absent fraud or other illegality not asserted here. The insurer may, however, argue preserved defenses to coverage, i.e. that punitive damages are not covered by the policy. *See generally Western Alliance Ins. Co.*, 176 F.3d at 830; *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 468–69 (5th Cir. 2002)("Even if an insurer wrongfully refuses to defend, it still has the right to assert the policy defense of noncoverage and will only be liable to indemnify the insured up to the policy limits.").

■ Evanston argues public policy would be offended by insurance coverage protecting a wrongdoer from an obligation to pay punitive damages. *See Hartford Cas. Ins. Co. v. Powell*, 19 F.Supp.2d 678, 694–95 (N.D.Tex.1998)(citing Texas cases). The settlement agreements here, however, specifically exclude settlement of the punitive damage claims. One agreement provides as follows:

All sums paid pursuant to this Release and Indemnity constitute damages on account of personal injuries or sickness arising from physical injuries that resulted from the allegations made in the above-referenced lawsuit and no portion of the proceeds paid under this Release and Indemnity represent exemplary or punitive damages nor pre-judgment interest.

The other settlement agreement also expressly excludes punitive damages, with the following language:

THE TOTAL SETTLEMENT OF $2,700,000 TO THE ESTATE OF MARY JULIA JONES PAID BY DEFENDANT DOES NOT INCLUDE ANY PUNITIVE DAMAGES AND IS INTENDED TO REPRESENT PERSONAL INJURY DAMAGES WITHIN THE MEANING OF IRC § 104(A)(2) RESULTING FROM THE ALLEGED WRONGFUL DEATH OF MATTHEW TODD JONES. IN FACT, THIS CLAIM IS LIMITED TO THE WRONGFUL DEATH CLAIM OF A PARENT FOR AN ADULT CHILD.

A settlement agreement is a contract. *Old Republic Ins. Co. v. Fuller*, 919 S.W.2d 726, 728 (Tex.App.-Texarkana 1996, writ denied). The settlements agreements at issue are unambiguous. *See DeWitt County Elec. Co-op., Inc. v. Parks*, 1 S.W.3d 96, 100 (Tex.1999) (footnote omitted) ("When a court concludes that contract language can be given a certain or definite meaning, then the language is not ambiguous, and the court is obligated to interpret the contract as a matter of law."). The settlements did not include any payment for a release of punitive damages.

We hold ATOFINA is an insured under the excess insurance policy issued by Evanston, and was entitled to insurance coverage from Evanston in the wrongful death litigation. The judgment of the trial

court is reversed. We grant judgment in favor of ATOFINA for recovery of the remaining $5.75 million cost of its settlement of the wrongful death litigation from Evanston.

In addition, ATOFINA seeks recovery of penalties, authorized by TEX. INS. CODE ANN. art. 21.55, §§ 3(f), 6 (Vernon Supp.2003), and attorney's fees. Under article 21.55, if the insurer delays payment for more than sixty days from the date it received all the information reasonably requested and required, the insurer must pay the claim along with the statutory penalty. Evanston does not argue that it met the statutory deadline, but contends that its defenses were raised in good faith and such penalties are not applicable. An insurer's failure to comply with the requirements of article 21.55 will result in imposition of the statutory penalties, even if the delay in payment is in "good faith." *See Cater v. United Servs. Auto. Ass'n,* 27 S.W.3d 81, 84 (Tex.App.-San Antonio 2000, pet. denied) (citing *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456 (5th Cir.1997) and *Oram v. State Farm Lloyds,* 977 S.W.2d 163 (Tex.App.-Austin 1998 no pet.)). *See also Republic Underwriters Ins. Co. v. Mex–Tex, Inc.,* 106 S.W.3d 174, 181, No. 07–01–00396–CV, 2003 WL 1345242, at *7 n. 7, 2003 Tex. App. LEXIS 2396 at *21 n. 7 (Tex.App.-Amarillo Mar. 19, 2003, no pet. h). Regarding attorney's fees, the trial court had before it competing affidavits regarding the reasonableness of ATOFINA's attorney's fees, and ATOFINA objected to Evanston's affidavit. Because it ruled for Evanston, the trial court had no reason to rule on either ATOFINA's objection or the reasonableness of attorney's fees.

We remand the case to the trial court for entry of judgment in favor of ATOFINA, for determination of the amount of the statutory penalties and attorney's fees, and for further proceedings consistent with this opinion.

REVERSED AND REMANDED.