COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-327-CV

AMERICAN NATIONAL FIRE 

INSURANCE COMPANY APPELLANT

V.

HAMMER TRUCKING, INC. APPELLEE

------------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

American National Fire Insurance Company appeals from a summary judgment for Hammer Trucking, Inc.  in which the trial court ruled that Hammer was covered as a matter of law under an excess insurance policy issued by American to JTM Materials, Inc.  The trial court rendered judgment for Hammer for $1,299,669.62 in attorney’s fees, interest, and penalties for breach of contract and violations of article 21.55 of the Texas Insurance Code.  The primary issue we must decide in this case is whether Hammer’s claim for indemnity is a first-party claim under article 21.55.
(footnote: 2)  We hold that it is not and reverse and render judgment for American.

Background

On November 9, 1996, Jerry Lee Largent, a Hammer employee, injured Grant Morris in a car accident while driving a tractor-trailer Hammer had leased to JTM Materials, Inc.  At the time of the accident, Largent was arrested for, and later pleaded guilty to, driving while intoxicated.
(footnote: 3)  

In August of 1998, Morris filed suit against Hammer, Largent, and JTM for the injuries he sustained in the accident.  JTM subsequently filed a traditional and no-evidence motion for summary judgment, asserting, among other things, that at the time of the accident, Largent was not carrying out any employment duties for JTM.
(footnote: 4)  The trial court granted the motion, leaving Hammer and Largent as the only defendants in the case.
(footnote: 5)  Thereafter, following a one-day trial in which Paul Don Hammer, a nonlawyer, represented Hammer, and Largent defended himself, the trial court rendered judgment against Hammer and Largent jointly and severally in excess of $3 million.  Additionally, the trial court assessed exemplary damages against Hammer for $300,000.  Neither Hammer nor Largent appealed this judgment.  

In December of 2000, Hammer filed the underlying lawsuit against St. Paul Fire and Marine Insurance Company,  JTM’s primary insurer,
(footnote: 6) and JTM, asserting that St. Paul had breached its duty to defend and indemnify Hammer in the Morris lawsuit.  Additionally, Hammer sought to recover statutory penalties and attorney’s fees from St. Paul under article 21.55 of the Texas Insurance Code for its failure to promptly pay Hammer’s claim.  Hammer later added American to the lawsuit, alleging that American had breached its contractual duty to indemnify Hammer under JTM’s excess policy.  

In August of 2002, Morris entered into a settlement agreement with Hammer, Largent, and other interested parties.  Under the terms of the settlement agreement, St. Paul paid Morris $1.9 million, a sum exceeding its policy limits, in exchange for the release of Morris’s claims against Hammer and the other parties to the settlement agreement.

Hammer subsequently moved for summary judgment against American on its article 21.55 and breach of contract claims.  American also moved for summary judgment, contending that article 21.55 does not apply to this case because Hammer suffered no loss and because Hammer’s claim for indemnity is not a first-party claim.  In addition, American asserted that it did not breach a duty to indemnify Hammer for any excess not paid by St. Paul because Hammer was fully released from liability for the Morris judgment.

On August 3, 2004, the trial court granted Hammer’s motion for summary judgment, denied American’s motion, and awarded Hammer $1,299,699.62 in breach of contract damages, article 21.55 penalties, prejudgment interest, and attorney’s fees.  This appeal followed.

Standard of Review

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties’ summary judgment evidence and determine all questions presented.
(footnote: 7)  The reviewing court should render the judgment that the trial court should have rendered.
(footnote: 8)  In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.
(footnote: 9)
Article 21.55

In its first issue, American argues that the trial court erred in awarding Hammer damages under article 21.55 because Hammer’s claim for indemnity is not a first-party claim.  

Article 21.55 is intended to ensure prompt payment of insurance claims.
(footnote: 10) 
An insurance “claim” is defined in article 21.55 as “a first-party claim made by an insured or a policyholder under an insurance policy or contract or by a beneficiary named in the policy or contract 
that must be paid by the insurer directly to the insured or beneficiary
.”
(footnote: 11) 
 

When a statute is clear and unambiguous, we should give the statute its common meaning 
and will seek the intent of the legislature as found in the plain and common meaning of the words and terms used.
(footnote: 12)  
We do not need to resort to rules of construction or extrinsic aids to construe a statute that is clear and unambiguous.
(footnote: 13) 
 
When a statute fails to define a term, we apply and use its plain meaning.
(footnote: 14)  We should not adopt a construction that would render a law or provision meaningless.
(footnote: 15) 
 

Applying these principles of statutory construction to article 21.55, it is clear that the legislature intended that a first-party claim be one in which an insured seeks recovery for the insured’s own loss.
(footnote: 16)  
“The entire structure of article 21.55 presumes a tangible, measurable loss suffered by the insured for which it seeks payment from the insurance company.”
(footnote: 17) Any attempt to apply the statute’s structure to a claim for indemnity is unworkable and, based on the language of the statute, clearly unintended by the legislature.
(footnote: 18)   

Here, Hammer does not seek recovery from American for losses it suffered as a result of the accident between Largent and Morris.  Instead, Hammer seeks to be indemnified for the amount of the Morris judgment in excess of the $1.9 million St. Paul paid Morris in connection with the 2002 settlement.  Therefore, we hold that Hammer’s claim is not a first-party claim under article 21.55.
(footnote: 19)  
Accordingly, the trial court erred by awarding Hammer damages based on article 21.55.  We sustain American’s first issue. 

Breach of Contract

In its second issue, American argues that the trial court erred in awarding Hammer breach of contract damages because American’s duty to indemnify Hammer, if any, for excess above the St. Paul policy limits was never triggered because Hammer was released from liability for the Morris judgment when St. Paul tendered its policy limits pursuant to the 2002 settlement.

The indemnity provision in American’s policy states:

1. We will indemnify the “Insured” for those sums 
in excess of 
“underlying insurance” or the retained limit that the “
Insured
” 
becomes legally obligated to pay as damages 
because of “injury” caused by an “occurrence” to which this policy applies.  [Emphasis supplied.] 

When construing an insurance contract, our primary concern is to ascertain the true intentions of the parties as expressed in the instrument.
(footnote: 20)  We must examine and consider the entire writing in an effort to harmonize and give effect to all provisions so that none are rendered meaningless.
(footnote: 21)  
In determining the intention of the parties, we look only within the four corners of the agreement to see what is actually stated.
(footnote: 22) 
 If the written instrument is so worded that it can be given a definite or certain legal meaning, then the contract may be construed as a matter of law.
(footnote: 23)
 According to the language of the indemnity provision, American had a duty to indemnify its insured for the amount in “excess” of any underlying policy that its insured became “legally obligated to pay as damages.”  This duty, however, was never triggered in this case because there was no excess for which Hammer became legally obligated to pay.  Under the 2002 settlement, Hammer was released from its liability for the Morris judgment upon St. Paul’s tender of its policy limits.
(footnote: 24) 

Because American had no duty to indemnify Hammer, no breach of contract occurred.  Therefore, the trial court erred in awarding Hammer damages for breach of contract.
(footnote: 25)  We sustain American’s second issue regarding breach of contract. 

Prejudgment Interest

American argues that the trial court erred in awarding Hammer prejudgment interest on its claims against American for article 21.55 violations and breach of contract because American was not liable to Hammer on those claims.  We agree. 

The purpose of prejudgment interest is to compensate a party for the loss of use of money owed to it as damages, typically during the period of time between accrual of the claim and date of the judgment.
(footnote: 26)  If a plaintiff did not recover damages, it cannot recover prejudgment interest.
(footnote: 27)  

Because we have held that Hammer is not entitled to recover for article 21.55 violations or for breach of contract, it is not entitled to prejudgment interest on those claims.  Accordingly, we sustain American’s second issue regarding prejudgment interest.

Conclusion

Having sustained American’s first and second issues,
(footnote: 28) we reverse the trial court’s summary judgment for Hammer and render judgment that Hammer take nothing.
(footnote: 29)   

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  November 9, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Act of May 27, 1991, 72nd
 Leg., R.S., ch. 242, § 11.03, 1991 Tex. Gen. Laws 939, 1043-45 (repealed and recodified 2003) (current version at
 Tex. Ins. Code Ann
. § 542.051 (Vernon 2006)).  Article 21.55 was also repealed and recodified effective April 1, 2005.  We will hereafter refer to the pertinent sections as they were previously codified in article 21.55.

3:
See Morris v. JTM Materials, Inc.
, 78 S.W.3d 28, 35 (Tex. App.—Fort Worth 2002, no pet.). 

4:
See id. 
at 35-36.  

5:
On appeal, however, this court reversed the part of the trial court’s judgment granting JTM summary judgment on Morris’s vicarious liability, negligent hiring, retention, and supervision, and negligent entrustment claims.  
See id.
 at 57.   

6:
JTM was insured under a primary trucker’s liability policy issued by St. Paul that provided $1 million in coverage. 

7:
FM Props. Operating Co. v. City of Austin
, 22 S.W.3d 868, 872 (Tex. 2000).

8:
Id
.

9:
Tex. R. Civ. P. 
166a(c); 
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.
, 988 S.W.2d 746, 748 (Tex. 1999); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979). 

10:
Harris v. Am. Petroleum Ins. Co.
, 158 S.W.3d 614, 623 (Tex. App.—Fort Worth 2005, no pet.). 

11:
Act of May 27, 1991, 72nd Leg., R.S., ch. 242, § 11.03, sec. 1(3), 1991 Tex. Gen. Laws 939, 1043 (repealed and recodified 2003).

12:
St. Luke’s Episcopal Hosp. v. Agbor
, 952 S.W.2d 503, 505 (Tex. 1997); 
In re K.L.V., 
109 S.W.3d 61, 65 (Tex. App.—Fort Worth 2003, pet. denied).

13:
St. Luke’s Episcopal Hosp., 
952 S.W.2d at 505; 
Cail v. Serv. Motors, Inc.
, 660 S.W.2d 814, 815 (Tex. 1983). 

14:
See 
Tex. Gov’t Code Ann.
 § 312.002 (Vernon 2005) (instructing appellate courts to use words’ ordinary meaning).

15:
Centurion Planning Corp. v. Seabrook Venture II
, 176 S.W.3d 498, 504 (Tex. App.—Houston [1st Dist.] 2004, no pet.). 

16:
Universe Life Ins. Co. v. Giles
, 950 S.W.2d 48, 53 n.2 (Tex. 1997);
 Maryland Ins. Co. v. Head Indus. Coatings & Services, Inc.,
 938 S.W.2d 27, 28 (Tex. 1996)
.  
Noted insurance expert Allan Windt describes the differences between first and third-party claims as follows: 

There are two general categories of insurance policies:  third-party liability policies and first-party policies.  First-party insurance is insurance covering a loss that the insured itself might incur.  Such insurance includes theft, fire, health, disability, and life insurance policies, pursuant to which the insurer covenants to reimburse the insured for losses directly incurred by the insured.  

. . . . 

By contrast, liability insurance affords coverage for amounts owed by the insured to third parties . . . .  The insurer covenants to indemnify the insured only for sums that the insured becomes legally obligated to pay to others.  

1 
Allan D. Windt, Insurance Claims & Disputes
 § 6.5 (4th ed. 2001);
 see also
 1 
Barry R. Ostrager & Thomas R. Newman, Handbook on Insurance Coverage Disputes
 § 12.12(a) (12th ed. 2004) (“First-party insurance reimburses the insured for losses that he incurs as a result of injury to himself or damage to property that he owns or leases.”).

17:
TIG Ins. Co. v. Dallas Basketball, Ltd.
, 129 S.W.3d 232, 239 (Tex. App.—Dallas 2004, pet. denied).

18:
See Lennar Corp. v. Great Am. Ins. Co.
, 200 S.W.3d 651, 703 (Tex. App.—Houston [14th Dist.] 2006, pet. filed) (op. on reh’g) (holding that a request for indemnification seeks payment for losses suffered by third parties and is not a claim to which article 21.55 applies).

19:
Hammer relies on three cases for the proposition that article 21.55 applies to claims for indemnity.  
See
 
Farmers Tex. County Mut. Ins. Co. v. Griffin
, 955 S.W.2d 81, 84 (Tex. 1997)
; State Farm & Cas. Co. v. Gandy
, 925 S.W.2d 696, 714 (Tex. 1996); 
Atofina Petrochemicals, Inc. v. Evanston Ins. Co.
, 104 S.W.3d 247, 252 (Tex. App.—Beaumont 2003), 
rev’d
, No. 03-0647, 2006 WL 1195330 (Tex. Apr. 13, 2006).  None of these cases, however, address whether a claim for indemnity is a “claim” under article 21.55. 

20:
See Coker v. Coker
, 650 S.W.2d 391, 393 (Tex. 1983); 
see also State Farm Life Ins. Co. v. Beaston
, 907 S.W.2d 430, 433 (Tex. 1995) (stating that courts must follow the general rules of contract construction when interpreting insurance contracts).   

21:
See J.M. Davidson, Inc. v. Webster
, 128 S.W.3d 223, 229 (Tex. 2003). 

22:
See Pennsylvania Pulp & Paper Co., Inc. v. Nationwide Mut. Ins. Co.
, 100 S.W.3d 566, 570 (Tex. App.—Houston [14th Dist.] 2003, pet. denied);
 
Esquivel v. Murray Guard, Inc.
, 992 S.W.2d 536, 544 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

23:
Coker
, 650 S.W.2d at 393. 

24:
An excess liability insurer is not obligated to participate in the defense or settlement of an underlying claim until the primary policy limits are exhausted.  
See Keck, Mahin & Cate v. Nat’l Union Fire Ins. Co.
, 20 S.W.3d 692, 700-01 (Tex. 2000) (citing 1 
Windt
, 
Insurance Claims & Disputes
 § 5.26 (3d ed. 1995)). The primary policy limits are exhausted when the primary carrier tenders its policy limits. 
Id.
  

25:
Breach of contract damages include attorney’s fees.  
See 
Tex. Civ. Prac. & Rem. Code Ann.
 § 38.001 (Vernon 1997) (providing that a person may recover attorney’s fees in a claim on an oral or written contract).  

26:
Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.
, 962 S.W.2d 507, 528 (Tex. 1998).  

27:
See, e.g., Battaglia v. Alexander
, 177 S.W.3d 893, 905 (Tex. 2005)  (stating that prejudgment interest is calculated on an award of past damages); 
Columbia Hosp. Corp. v. Moore
, 92 S.W.3d 470, 474 (Tex. 2002) (holding that prejudgment interest is a form of compensatory damages);
 Cavnar v. Quality Control Parking, Inc.
, 696 S.W.2d 549, 554 (Tex. 1985) (conditioning the recovery of prejudgment interest on the “prevailing plaintiff”), 
abrogated by Johnson & Higgins of Tex., Inc.
, 962 S.W.2d at 528
. 

28:
In light of our holdings on these two issues, we need not consider American’s other issue.  
See 
Tex. R. App. P.
 47.1.

29:
See CU Lloyd’s of Tex. v. Feldman
, 977 S.W.2d 568, 569 (Tex. 1998) (holding that a court of appeals may reverse and render the judgment that the trial court should have rendered when considering cross motions for summary judgment).