COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-04-327-CV

 

AMERICAN NATIONAL FIRE                                                                  

INSURANCE COMPANY                                                        APPELLANT

 

                                                   V.

 

HAMMER TRUCKING, INC.                                                       APPELLEE

 

                                              ------------

 

              FROM
THE 271ST DISTRICT COURT OF WISE COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

 

                                              ------------

Introduction








American National Fire
Insurance Company appeals from a summary judgment for Hammer Trucking,
Inc.  in which the trial court ruled that
Hammer was covered as a matter of law under an excess insurance policy issued
by American to JTM Materials, Inc.  The
trial court rendered judgment for Hammer for $1,299,669.62 in attorney=s fees, interest, and penalties for breach of contract and violations
of article 21.55 of the Texas Insurance Code. 
The primary issue we must decide in this case is whether Hammer=s claim for indemnity is a first-party claim under article 21.55.[2]  We hold that it is not and reverse and render
judgment for American.

Background

On November 9, 1996, Jerry
Lee Largent, a Hammer employee, injured Grant Morris in a car accident while
driving a tractor-trailer Hammer had leased to JTM Materials, Inc.  At the time of the accident, Largent was
arrested for, and later pleaded guilty to, driving while intoxicated.[3]  








In August of 1998, Morris
filed suit against Hammer, Largent, and JTM for the injuries he sustained in
the accident.  JTM subsequently filed a
traditional and no-evidence motion for summary judgment, asserting, among other
things, that at the time of the accident, Largent was not carrying out any
employment duties for JTM.[4]  The trial court granted the motion, leaving
Hammer and Largent as the only defendants in the case.[5]  Thereafter, following a one-day trial in
which Paul Don Hammer, a nonlawyer, represented Hammer, and Largent defended
himself, the trial court rendered judgment against Hammer and Largent jointly
and severally in excess of $3 million. 
Additionally, the trial court assessed exemplary damages against Hammer
for $300,000.  Neither Hammer nor Largent
appealed this judgment.  

In December of 2000, Hammer
filed the underlying lawsuit against St. Paul Fire and Marine Insurance
Company,  JTM=s primary insurer,[6]
and JTM, asserting that St. Paul had breached its duty to defend and indemnify
Hammer in the Morris lawsuit. 
Additionally, Hammer sought to recover statutory penalties and attorney=s fees from St. Paul under article 21.55 of the Texas Insurance Code
for its failure to promptly pay Hammer=s claim.  Hammer later added
American to the lawsuit, alleging that American had breached its contractual
duty to indemnify Hammer under JTM=s excess policy.  








In August of 2002, Morris
entered into a settlement agreement with Hammer, Largent, and other interested
parties.  Under the terms of the
settlement agreement, St. Paul paid Morris $1.9 million, a sum exceeding its
policy limits, in exchange for the release of Morris=s claims against Hammer and the other parties to the settlement
agreement.

Hammer subsequently moved for
summary judgment against American on its article 21.55 and breach of contract
claims.  American also moved for summary
judgment, contending that article 21.55 does not apply to this case because
Hammer suffered no loss and because Hammer=s claim for indemnity is not a first-party claim.  In addition, American asserted that it did
not breach a duty to indemnify Hammer for any excess not paid by St. Paul
because Hammer was fully released from liability for the Morris judgment.

On August 3, 2004, the trial
court granted Hammer=s motion for
summary judgment, denied American=s motion, and awarded Hammer $1,299,699.62 in breach of contract
damages, article 21.55 penalties, prejudgment interest, and attorney=s fees.  This appeal followed.

Standard of Review








When both parties move for
summary judgment and the trial court grants one motion and denies the other,
the reviewing court should review both parties= summary judgment evidence and determine all questions presented.[7]  The reviewing court should render the
judgment that the trial court should have rendered.[8]  In a summary judgment case, the issue on
appeal is whether the movant met its summary judgment burden by establishing
that no genuine issue of material fact exists and that the movant is entitled
to judgment as a matter of law.[9]

Article 21.55

In its first issue, American
argues that the trial court erred in awarding Hammer damages under article
21.55 because Hammer=s claim for
indemnity is not a first-party claim.  

Article 21.55 is intended to
ensure prompt payment of insurance claims.[10]
An insurance Aclaim@ is defined in article 21.55 as Aa first-party claim made by an insured or a policyholder under an
insurance policy or contract or by a beneficiary named in the policy or
contract that must be paid by the insurer directly to the insured or
beneficiary.@[11]  








When a statute is clear and
unambiguous, we should give the statute its common meaning and will seek the
intent of the legislature as found in the plain and common meaning of the words
and terms used.[12]  We do not need to resort to rules of
construction or extrinsic aids to construe a statute that is clear and
unambiguous.[13]  When a statute fails to define a term, we
apply and use its plain meaning.[14]  We should not adopt a construction that would
render a law or provision meaningless.[15]
   













Applying these principles of
statutory construction to article 21.55, it is clear that the legislature
intended that a first-party claim be one in which an insured seeks recovery for
the insured=s own loss.[16]  AThe entire structure of article 21.55 presumes a tangible, measurable
loss suffered by the insured for which it seeks payment from the insurance
company.@[17] Any attempt to apply the statute=s structure to a claim for indemnity is unworkable and, based on the
language of the statute, clearly unintended by the legislature.[18]   

Here, Hammer does not seek
recovery from American for losses it suffered as a result of the accident between
Largent and Morris.  Instead, Hammer
seeks to be indemnified for the amount of the Morris judgment in excess of the
$1.9 million St. Paul paid Morris in connection with the 2002 settlement.  Therefore, we hold that Hammer=s claim is not a first-party claim under article 21.55.[19]  Accordingly, the trial court erred by
awarding Hammer damages based on article 21.55. 
We sustain American=s first issue. 

Breach of Contract








In its second issue, American
argues that the trial court erred in awarding Hammer breach of contract damages
because American=s duty to
indemnify Hammer, if any, for excess above the St. Paul policy limits was never
triggered because Hammer was released from liability for the Morris judgment
when St. Paul tendered its policy limits pursuant to the 2002 settlement.

The indemnity provision in
American=s policy states:

1. We will indemnify the AInsured@ for those
sums in excess of Aunderlying
insurance@ or the
retained limit that the AInsured@ becomes legally obligated to pay as damages because of Ainjury@ caused by
an Aoccurrence@ to which
this policy applies.  [Emphasis
supplied.] 








When construing an insurance
contract, our primary concern is to ascertain the true intentions of the
parties as expressed in the instrument.[20]  We must examine and consider the entire
writing in an effort to harmonize and give effect to all provisions so that
none are rendered meaningless.[21]  In determining the intention of the parties,
we look only within the four corners of the agreement to see what is actually
stated.[22]  If the written instrument is so worded that
it can be given a definite or certain legal meaning, then the contract may be
construed as a matter of law.[23]

According to the language of
the indemnity provision, American had a duty to indemnify its insured for the
amount in Aexcess@ of any underlying policy that its insured became Alegally obligated to pay as damages.@  This duty, however, was never
triggered in this case because there was no excess for which Hammer became
legally obligated to pay.  Under the 2002
settlement, Hammer was released from its liability for the Morris judgment upon
St. Paul=s tender of its policy limits.[24]


Because American had no duty
to indemnify Hammer, no breach of contract occurred.  Therefore, the trial court erred in awarding
Hammer damages for breach of contract.[25]  We sustain American=s second issue regarding breach of contract. 








Prejudgment Interest

American argues that the
trial court erred in awarding Hammer prejudgment interest on its claims against
American for article 21.55 violations and breach of contract because American
was not liable to Hammer on those claims. 
We agree. 

The purpose of prejudgment
interest is to compensate a party for the loss of use of money owed to it as
damages, typically during the period of time between accrual of the claim and
date of the judgment.[26]  If a plaintiff did not recover damages, it
cannot recover prejudgment interest.[27]  

Because we have held that
Hammer is not entitled to recover for article 21.55 violations or for breach of
contract, it is not entitled to prejudgment interest on those claims.  Accordingly, we sustain American=s second issue regarding prejudgment interest.








Conclusion

Having sustained American=s first and second issues,[28]
we reverse the trial court=s summary judgment for Hammer and render judgment that Hammer take
nothing.[29]   

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL
A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DELIVERED:  November 9, 2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]Act
of May 27, 1991, 72nd Leg., R.S., ch. 242, ' 11.03, 1991 Tex. Gen. Laws
939, 1043-45 (repealed and recodified 2003) (current version at Tex. Ins. Code Ann. '
542.051 (Vernon 2006)).  Article 21.55
was also repealed and recodified effective April 1, 2005.  We will hereafter refer to the pertinent
sections as they were previously codified in article 21.55.





[3]See
Morris v. JTM Materials, Inc., 78 S.W.3d 28, 35 (Tex. App.CFort
Worth 2002, no pet.). 





[4]See
id. at 35-36.  





[5]On
appeal, however, this court reversed the part of the trial court=s
judgment granting JTM summary judgment on Morris=s
vicarious liability, negligent hiring, retention, and supervision, and
negligent entrustment claims.  See id.
at 57.   





[6]JTM
was insured under a primary trucker=s liability policy issued by
St. Paul that provided $1 million in coverage. 





[7]FM
Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex.
2000).





[8]Id.





[9]Tex. R. Civ. P. 166a(c); KPMG Peat Marwick
v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). 





[10]Harris
v. Am. Petroleum Ins. Co., 158 S.W.3d 614, 623 (Tex. App.CFort
Worth 2005, no pet.). 





[11]Act
of May 27, 1991, 72nd Leg., R.S., ch. 242, ' 11.03, sec. 1(3), 1991 Tex.
Gen. Laws 939, 1043 (repealed and recodified 2003).





[12]St.
Luke=s
Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997); In
re K.L.V., 109 S.W.3d 61, 65 (Tex. App.CFort Worth 2003, pet.
denied).





[13]St.
Luke=s
Episcopal Hosp., 952 S.W.2d at 505; Cail v. Serv. Motors, Inc.,
660 S.W.2d 814, 815 (Tex. 1983). 





[14]See Tex. Gov=t Code Ann. '
312.002 (Vernon 2005) (instructing appellate courts to use words=
ordinary meaning).





[15]Centurion
Planning Corp. v. Seabrook Venture II, 176 S.W.3d 498, 504 (Tex.
App.CHouston
[1st Dist.] 2004, no pet.). 





[16]Universe
Life Ins. Co. v. Giles, 950 S.W.2d 48, 53 n.2 (Tex. 1997);
Maryland Ins. Co. v. Head Indus. Coatings & Services, Inc., 938 S.W.2d
27, 28 (Tex. 1996).  Noted insurance
expert Allan Windt describes the differences between first and third-party
claims as follows: 

 

There are two general categories of insurance
policies:  third-party liability policies
and first-party policies.  First-party
insurance is insurance covering a loss that the insured itself might
incur.  Such insurance includes theft,
fire, health, disability, and life insurance policies, pursuant to which the
insurer covenants to reimburse the insured for losses directly incurred by the
insured.  

 

. . .
. 

 

By
contrast, liability insurance affords coverage for amounts owed by the insured
to third parties . . . .  The insurer
covenants to indemnify the insured only for sums that the insured becomes
legally obligated to pay to others.  

 

1 Allan D. Windt, Insurance Claims &
Disputes ' 6.5
(4th ed. 2001); see also 1 Barry
R. Ostrager & Thomas R. Newman, Handbook on Insurance Coverage Disputes
'
12.12(a) (12th ed. 2004) (AFirst-party insurance
reimburses the insured for losses that he incurs as a result of injury to
himself or damage to property that he owns or leases.@).





[17]TIG
Ins. Co. v. Dallas Basketball, Ltd., 129 S.W.3d 232, 239 (Tex.
App.CDallas
2004, pet. denied).





[18]See
Lennar Corp. v. Great Am. Ins. Co., 200 S.W.3d 651, 703 (Tex.
App.CHouston
[14th Dist.] 2006, pet. filed) (op. on reh=g) (holding that a request
for indemnification seeks payment for losses suffered by third parties and is
not a claim to which article 21.55 applies).





[19]Hammer
relies on three cases for the proposition that article 21.55 applies to claims
for indemnity.  See Farmers
Tex. County Mut. Ins. Co. v. Griffin, 955 S.W.2d 81, 84 (Tex. 1997);
State Farm & Cas. Co. v. Gandy, 925 S.W.2d 696, 714 (Tex. 1996); Atofina
Petrochemicals, Inc. v. Evanston Ins. Co., 104 S.W.3d 247, 252 (Tex. App.CBeaumont
2003), rev=d, No.
03-0647, 2006 WL 1195330 (Tex. Apr. 13, 2006). 
None of these cases, however, address whether a claim for indemnity is a
Aclaim@
under article 21.55. 





[20]See
Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983); see also
State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 433 (Tex. 1995)
(stating that courts must follow the general rules of contract construction
when interpreting insurance contracts).  






[21]See
J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 229 (Tex.
2003). 





[22]See
Pennsylvania Pulp & Paper Co., Inc. v. Nationwide Mut. Ins. Co., 100
S.W.3d 566, 570 (Tex. App.CHouston [14th Dist.] 2003,
pet. denied); Esquivel v. Murray Guard, Inc., 992 S.W.2d 536, 544 (Tex.
App.CHouston
[14th Dist.] 1999, pet. denied).





[23]Coker, 650
S.W.2d at 393. 





[24]An
excess liability insurer is not obligated to participate in the defense or
settlement of an underlying claim until the primary policy limits are
exhausted.  See Keck, Mahin & Cate
v. Nat=l
Union Fire Ins. Co., 20 S.W.3d 692, 700-01 (Tex. 2000) (citing 1 Windt, Insurance Claims & Disputes ' 5.26
(3d ed. 1995)). The primary policy limits are exhausted when the primary
carrier tenders its policy limits. Id. 






[25]Breach
of contract damages include attorney=s fees.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 38.001 (Vernon 1997)
(providing that a person may recover attorney=s
fees in a claim on an oral or written contract).  





[26]Johnson
& Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962
S.W.2d 507, 528 (Tex. 1998).  





[27]See,
e.g., Battaglia v. Alexander, 177 S.W.3d 893, 905 (Tex.
2005)  (stating that prejudgment interest
is calculated on an award of past damages); Columbia Hosp. Corp. v. Moore,
92 S.W.3d 470, 474 (Tex. 2002) (holding that prejudgment interest is a form of
compensatory damages); Cavnar v. Quality Control Parking, Inc., 696
S.W.2d 549, 554 (Tex. 1985) (conditioning the recovery of prejudgment interest
on the Aprevailing
plaintiff@), abrogated
by Johnson & Higgins of Tex., Inc., 962 S.W.2d at 528. 





[28]In
light of our holdings on these two issues, we need not consider American=s
other issue.  See Tex. R. App. P. 47.1.





[29]See
CU Lloyd=s of
Tex. v. Feldman, 977 S.W.2d 568, 569 (Tex. 1998) (holding that a
court of appeals may reverse and render the judgment that the trial court
should have rendered when considering cross motions for summary judgment).